

FILED

NOV 7 2019

SUSAN M. SPRAUL, CLERK
U.S. BKCY. APP. PANEL
OF THE NINTH CIRCUIT

NOT FOR PUBLICATION

# UNITED STATES BANKRUPTCY APPELLATE PANEL
## OF THE NINTH CIRCUIT

| | |
|---|---|
| In re: | BAP No. EC-19-1047-GFB |
| LEONARD E. HUTCHINSON and SONYA C. HUTCHINSON, | Bk. No. 1:17-bk-12272 |
| Debtors. | Adv. No. 1:17-ap-1076 |
| LEONARD E. HUTCHINSON; SONYA C. HUTCHINSON, | |
| Appellants, | |
| v. | MEMORANDUM* |
| UNITED STATES OF AMERICA; JAMES SALVEN, Chapter 7 Trustee, | |
| Appellees. | |

Argued and Submitted on October 25, 2019
at San Francisco, California

Filed – November 7, 2019

---

* This disposition is not appropriate for publication. Although it may be cited for whatever persuasive value it may have, *see* Fed. R. App. P. 32.1, it has no precedential value. *See* 9th Cir. BAP Rule 8024-1.

Appeal from the United States Bankruptcy Court
for the Eastern District of California

Honorable Frederick E. Clement, Bankruptcy Judge, Presiding

——————

Appearances: David R. Jenkins argued for Appellants; Jonathan M. Hauck argued for Appellee United States; Russell W. Reynolds of Coleman & Horowitt, LLP for Appellee James E. Salven, Chapter 7 Trustee on the brief.

——————

Before: GAN, FARIS, and BRAND, Bankruptcy Judges.

## INTRODUCTION

Debtors Leonard and Sonya Hutchinson ("Debtors") appeal from an order dismissing their adversary proceeding under Rule 7012(b)[1] filed against the United States Department of the Treasury, Internal Revenue Service ("IRS") and the Chapter 7 Trustee, James E. Salven ("Trustee"). Debtors sought to avoid the penalty portion of five IRS tax liens pursuant to § 724(a) and to preserve the liens under § 522(I) to the extent of their homestead exemption.

The Trustee filed a crossclaim seeking to avoid the liens for the benefit of the estate and ultimately entered into a stipulated judgment with

---

[1] Unless specified otherwise, all chapter and section references are to the Bankruptcy Code, 11 U.S.C. §§ 101-1532, all "Rule" references are to the Federal Rules of Bankruptcy Procedure, and all "Civil Rule" references are to the Federal Rules of Civil Procedure.

the IRS to avoid the penalty portions of two liens and preserve them for the estate.

Ninth Circuit precedent clearly bars Debtors from using § 522(h) to avoid the penalty portion of tax liens, and Debtors can only preserve liens under § 522(I) which were avoided under § 522(f) or (h). Debtors cannot exempt property under § 522(g) where the Trustee avoids liens securing tax penalties. Therefore, we AFFIRM.

### FACTS

On June 11, 2017, Debtors filed a chapter 7 petition and scheduled assets including their residence, which they valued at approximately $184,994. Debtors' residence was encumbered by a first position deed of trust in the amount of $86,848. They claimed a homestead exemption of $100,000 on the property.

On three separate dates prior to the petition date, the IRS properly filed notices of tax lien against Debtors' property, including their residence. The IRS filed a proof of claim indicating that Debtors owed taxes and penalties in the total amount of $591,383.62, which consisted of a secured claim of $412,067.44 and an unsecured claim of $179,316.18. The portion of the secured claim attributable to penalties was $162,690.85.

On August 8, 2017, nineteen days after the meeting of creditors and eleven days after the Trustee filed his application to employ counsel, Debtors filed their adversary complaint to avoid the penalty portion of the

tax liens. Debtors sought to avoid the liens pursuant to § 522(h), and to preserve the liens for Debtors' benefit under § 522(I) to the lesser of their homestead exemption or the amount of the penalties.

On September 7, 2017, the Trustee filed an answer and crossclaim asserting the estate's interest in avoiding the penalty portion of the liens and seeking to preserve the liens for the benefit of the estate. The Trustee noted that at the time Debtors filed their complaint, the IRS had yet to file its proof of claim. The Trustee stated that he had discussed the potential lien avoidance with Debtors' counsel but had not decided that the estate would forego the claim.

The IRS filed a motion to dismiss asserting that the Ninth Circuit's holding in *DeMarah v. United States (In re DeMarah)*, 62 F.3d 1248 (9th Cir. 1995) precluded Debtors from avoiding the tax liens under § 522(h) as a matter of law, and pursuant to § 522(c)(2)(B), the tax liens would take priority over Debtors' homestead exemption.

Debtors acknowledged that the Trustee's crossclaim took precedence over their complaint but argued that they maintained a right to preserve the lien for their benefit under § 522(i)(2) if the Trustee was successful in avoiding the penalty portion of the liens. Debtors argued that because the Ninth Circuit did not explicitly take into account the effect of § 522(i)(2) in ruling that debtors cannot avoid tax liens under § 522(h), the holding of *In re DeMarah* is dicta.

The bankruptcy court disagreed and dismissed Debtors' complaint with prejudice. The bankruptcy court followed the holding of *In re DeMarah* in ruling that § 522(c)(2)(B) precludes chapter 7 debtors from avoiding tax liens on otherwise exempt property even if the liens could be avoided by the Trustee under § 724(a). The bankruptcy court further held that because "§ 522(c)(2)(B) precludes the debtors from ever invoking § 522(h) to avoid a tax lien securing penalties . . . [i]t follows that the debtors cannot rely on § 522(i)(2) to preserve an avoided tax lien for their benefit."

The IRS and the Trustee entered into a stipulated judgment to avoid the penalty portions of three liens listed on the May 23, 2011 notice of tax lien which totaled $132,099.54. Debtors filed a timely notice of appeal.

## JURISDICTION

The bankruptcy court had jurisdiction pursuant to 28 U.S.C. §§ 1334 and 157(b). We have jurisdiction under 28 U.S.C. § 158.

## ISSUES

Whether the appeal is moot;

Whether the bankruptcy court erred in dismissing the complaint.

## STANDARDS OF REVIEW

We review our own jurisdiction, including whether an appeal is moot, de novo. *Silver Sage Partners, Ltd. v. City of Desert Hot Springs (In re City of Desert Hot Springs)*, 339 F.3d 782, 787 (9th Cir. 2003). De novo review

requires that we consider the matter as if no decision had been previously rendered. *Kashikar v. Turnstile Capital Mgmt., LLC (In re Kashikar)*, 567 B.R. 160, 164 (9th Cir. BAP 2017).

We review a dismissal of an adversary proceeding under Civil Rule 12(b)(6) de novo. *EPD Inv. Co., LLC v. Bank of Am. (In re EPD Inv. Co., LLC)* 523 B.R. 680, 684 (9th Cir. BAP 2015). A dismissal without leave to amend is reviewed for abuse of discretion. *Id.* A bankruptcy court abuses its discretion if it applies the wrong legal standard, misapplies the correct legal standard, or if its factual findings are illogical, implausible, or without support in the record. *Traffic School.com, Inc. v. Edriver Inc.*, 653 F.3d 820, 832 (9th Cir. 2011).

## DISCUSSION

### A.    The Appeal Is Not Moot

We cannot exercise jurisdiction over a moot appeal. *United States v. Pattullo (In re Pattullo)*, 271 F.3d 898, 900 (9th Cir. 2001). A case is constitutionally moot "if the issues presented are no longer live and there fails to be a 'case or controversy' under Article III of the Constitution." *Pilate v. Burrell (In re Burrell)*, 415 F.3d 994, 998 (9th Cir. 2005). The test for mootness is whether an appellate court can give the appellants effective relief if it decides the merits in their favor. *Id*. As long as the parties have a concrete interest in the outcome of the litigation, the case is not moot. *Chafin v. Chafin*, 568 U.S. 165, 172 (2013).

6

The IRS argues that Debtors' appeal is moot because the Trustee succeeded in avoiding the penalty portion of two tax liens in the amount of $132,099.54 which the Trustee believed would exhaust all equity from Debtor's property. The IRS suggests that the only way the appeal is not moot is if Debtors have a meaningful interest in attempting to avoid the penalty portion of the three remaining liens, which have a combined value of approximately $30,000.

Debtors contend that the appeal is not moot because they assert a right to intervene in the Trustee's action and preserve the liens for their benefit despite the fact that the Trustee has avoided the liens. Debtors argue that the bankruptcy court erred in holding that their ability to preserve the liens under § 522(I) is dependent on Debtors having avoided the liens under § 522(h). The property has not been sold and the proceeds have not been distributed.

The two liens avoided by the Trustee have a greater value than Debtors' homestead exemption. Because preservation of a lien under § 522(i)(2) is limited "to the extent that the debtor may exempt such property," Debtors' rights would be unaffected by avoiding the remaining penalty portions of the tax liens.

However, to the extent that the dismissal order foreclosed Debtors' ability to claim a homestead exemption after the liens were avoided, Debtors' rights could be affected by a favorable outcome in this appeal.

7

Therefore, the appeal is not moot.

**B.     The Bankruptcy Court Did Not Err In Dismissing The Complaint**

Under Civil Rule 12(b)(6), made applicable in adversary proceedings by Rule 7012(b), a party may move to dismiss a complaint for failure to state a claim upon which relief can be granted. Dismissal of an adversary proceeding under Civil Rule 12(b)(6) may be based on "either a lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory." *Johnson v. Riverside Healthcare Sys., LP*, 534 F.3d 1116, 1121 (9th Cir. 2008). Debtors' complaint lacks a cognizable legal theory.

**1.     The Debtors Cannot Avoid The Tax Liens Under § 522(h)**

In the adversary proceeding, Debtors sought to avoid the penalty portion of the tax liens under §§ 522(h) and 724(a). Section 522(h) authorizes debtors to use the trustee's avoidance powers, including the power to avoid liens under § 724(a), if the trustee does not attempt to avoid such liens. Section 724(a) allows a trustee to avoid a lien that secures a claim specified in **§** 726(a)(4), which includes any fine, penalty, or forfeiture, or exemplary, or punitive damages.

Debtors can avoid a transfer of property under § 522(h) only if five conditions are met:

> (1) the transfer cannot have been a voluntary transfer of property by the debtor;

(2) the debtor cannot have concealed the property;

(3) the trustee cannot have attempted to avoid the transfer;

(4) the debtor must exercise an avoidance power usually used by the trustee that is listed within § 522(h); and

(5) the transferred property must be of a kind that the debtor would have been able to exempt from the estate if the trustee (as opposed to the debtor) had avoided the transfer pursuant to one of the statutory provisions in § 522(g).

*In re DeMarah*, 62 F.3d at 1250. However, even if Debtors can otherwise satisfy these conditions, they cannot use § 522(h) to avoid liens that secure tax penalties. *Id.* at 1251-52.

In *In re DeMarah*, the Ninth Circuit held that chapter 7 debtors cannot avoid the penalty portion of tax liens because exempt property remains liable for tax liens under § 522(c)(2)(B). *Id.* at 1251. The Ninth Circuit reasoned that although § 522(c)(2)(A) provides that avoided liens which secure noncompensatory penalties do not remain attached to exempt property, Congress "carefully added § 522(c)(2)(B) which brings back the whole of any tax lien. That explicit language belies any argument that the debtor can escape a part of the tax lien." *Id.* at 1252.

Debtors argue that the holding of *In re DeMarah* is not binding

9

precedent because the Ninth Circuit did not specifically cite or address § 522(I) in its analysis. Where the Ninth Circuit "confronts an issue germane to the eventual resolution of the case, and resolves it after reasoned consideration in a published opinion, that ruling becomes law of the circuit." *United States v. McAdory*, 935 F.3d 838, 843 (9th Cir. 2019) (quoting *Cetacean Community v. Bush*, 386 F.3d 1169, 1173 (9th Cir. 2004)).

The Ninth Circuit specifically addressed the question of whether a debtor can use § 522(h) to avoid the penalty portion of a tax lien and clearly held that "Congress has denied debtors the right to remove tax liens from their otherwise exempt property . . . even the penalty portion of the tax lien remains fixed on that property." *In re DeMarah*, 62 F.3d at 1252. The holding of *In re DeMarah* is law of the circuit which the bankruptcy court and this panel must follow.

Even if *In re DeMarah* was not binding as Debtors argue, Debtors failed to satisfy a necessary condition to proceed under **§** 522(h) because the Trustee attempted to avoid the liens. Debtors filed their complaint less than twenty days after the meeting of creditors and before the IRS had even filed its proof of claim evidencing the tax liens. At the time Debtors filed their complaint, the Trustee had not taken action to avoid the liens, but there is no temporal requirement in § 522(h). The Code simply states that a debtor may avoid a transfer if "the trustee does not attempt to avoid such transfer." § 522(h)(2). The Trustee timely answered the complaint and filed

10

a crossclaim against the IRS. Once the Trustee asserted the estate's interest in avoiding the lien, Debtors could no longer maintain the action under § 522(h).

**2.    Debtors Cannot Preserve The Lien For Their Benefit**

Debtors argue that despite the fact that the Trustee has avoided the liens, § 522(I) allows Debtors to preserve those avoided liens for their benefit. Section 522(i)(2) states:

> Notwithstanding section 551 of this title, a transfer avoided under section 544, 545, 547, 548, 549, or 724(a) of this title, under subsection (f) or (h) of this section, or property recovered under section 553 of this title, may be preserved for the benefit of the debtor to the extent that the debtor may exempt such property under subsection (g) of this section or paragraph (1) of this subsection.

Section 522(i)(2) "adopts the rule of section 551 that avoided transfers are preserved." 5 COLLIER ON BANKRUPTCY ¶ 522.12 [4] (Alan N. Resnick & Henry J. Sommer, eds. 16th ed. rev. 2012). A trustee or debtor who avoids a lien "succeeds to the priority that interest enjoyed over competing interests." *Retail Clerks Welfare Tr. v. McCarty (In re Van De Kamp's Dutch Bakeries)*, 908 F.2d 517, 519 (9th Cir. 1990). If the trustee avoids the liens, § 551 automatically preserves the liens for the benefit of the estate. *Heintz v. Carey (In re Heintz)*, 198 B.R. 581, 584 (9th Cir. BAP 1996).

Section 522(i)(2) allows Debtors to preserve an avoided lien for their

11

benefit only if the liens were avoided by Debtors under § 522(f) or (h). Additionally, Debtors can only preserve an avoided lien for their benefit "to the extent that the debtor may exempt such property under subsection (g)." Section 522(I) does not give Debtors greater exemption rights than they would have if the Trustee avoids the liens instead.

Generally, debtors can assert exemption rights on property avoided by the trustee pursuant to § 522(g). However, where the avoided transfers are liens securing tax penalties, Debtors cannot claim an exemption on the property secured by the liens. The holding of *In re DeMarah* applies equally to situations where the Trustee avoids liens securing tax penalties and preserves the liens for the estate. Congress allowed noncompensatory penalties to be avoided "to protect [ ] unsecured creditors from the debtor's wrongdoing." *In re DeMarah*, 62 F.3d at 1252 (quoting S. Rep. No. 95-989, 95th Cong. 2d Sess. 96). It would be absurd to hold that Debtors cannot avoid liens securing tax penalties under § 522(h) but permit Debtors to benefit from their wrongdoing if instead the Trustee avoids the liens.

### CONCLUSION

Binding Ninth Circuit precedent precludes Debtors from avoiding liens securing tax penalties under § 522(h). Debtors cannot preserve liens for their benefit under § 522(i)(2) unless the liens were avoided by the Debtors under § 522(h) or (f), and Debtors cannot exempt the property under § 522(g) if the liens avoided by the Trustee secured tax penalties. For

the reasons set forth above, we AFFIRM.