In re Douglas P. DeMARAH, Debtor.

Douglas P. DeMARAH, Debtor–Appellant,

v.

UNITED STATES of America, Defendant–Appellee.

No. 94–15252.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted July 11, 1995.

Decided Aug. 17, 1995.

David J. Fillerup, Bakersfield, CA, for appellant.

Gary R. Allen, Christine A. Grant, Teresa E. McLaughlin, U.S. Dept. of Justice, Washington, DC, and Jeffrey R. Meyer, Office of the U.S. Atty., Washington, DC, for appellee.

Before: CHOY, CANBY and FERNANDEZ, Circuit Judges.

FERNANDEZ, Circuit Judge:

The district court reversed a bankruptcy court order, which avoided the penalty portion of a tax lien against Douglas P. DeMarah's real property. The district court also remanded the case to the bankruptcy court for allocation of the tax lien among various tax periods and types of taxes. DeMarah appealed. We affirm.

1. 11 U.S.C. §§ 701–766.

## FACTS AND PROCEDURAL HISTORY

DeMarah failed to pay various federal income taxes, employment taxes, and the interest and penalties associated with them. In June 1988, the IRS properly filed a notice of a federal tax lien against all of DeMarah's property.

In April 1991, DeMarah filed a Chapter 7 petition for bankruptcy.[1] He listed unencumbered equity in his property in the amount of $10,736.00, and declared that, pursuant to 11 U.S.C. § 522, all of his property qualified as exempt from being property of the bankruptcy estate. The IRS filed a timely proof of claim and asserted secured and unsecured claims totalling $42,050.59.

After DeMarah received his Chapter 7 discharge, the IRS began collection activity against his property. DeMarah then filed this adversary action under 11 U.S.C. § 505 seeking: (1) to determine the dischargeability of federal taxes; (2) to set aside the federal tax liens to the extent they secured his liability for tax penalties; (3) to set aside the federal tax liens to the extent they were "undersecured;" and (4) to determine to which taxes, dischargeable or nondischargeable, the "secured" amount of the government's claim was to be allocated.

The parties eventually agreed as to the amount of federal tax claims that were dischargeable. The bankruptcy court ruled that the tax liens were avoided under 11 U.S.C. §§ 522(h) and 724(a), to the extent that they secured tax penalties. It declined to rule on the amount of the government's secured claim, the allocation of the secured claim among the various dischargeable and nondischargeable liabilities, and the validity of the federal tax liens to the extent they exceeded the value of the property. Both sides appealed the decision to the district court.

The district court reversed the decision of the bankruptcy court that a Chapter 7 debtor can avoid a tax lien asserted against exempt property to the extent that it secures a claim for penalties. The district court also held that the bankruptcy court erred in declining to determine the extent of the secured and unsecured federal tax claim and in refusing

**1250**

to allocate that amount among the taxes. It therefore remanded the case to the bankruptcy court for "entry of an order allocating the amount and extent of the tax liens at dispute." DeMarah now appeals the district court's determination regarding the tax penalties.

## JURISDICTION AND STANDARD OF REVIEW

The bankruptcy court had jurisdiction pursuant to 28 U.S.C. § 157(b). The district court had jurisdiction pursuant to 28 U.S.C. § 158(a).

■ We have jurisdiction pursuant to 28 U.S.C. § 158(d). We have that jurisdiction even though the district court remanded the case to the bankruptcy court for entry of an order allocating the amount and extent of the tax liens in dispute in accordance with the government's preferred allocation method.

We have said:

We take a pragmatic approach in determining finality under § 158(d) because of the unique nature of a bankruptcy proceeding.... A district court renders a final order when it affirms or reverses a bankruptcy court's final order. If it remands for factual determinations on a central issue, its order is not final and we lack jurisdiction to review the order.

\* \* \* \* \* \*

The most difficult cases are those in which the district court ... reverses a final order of the bankruptcy court and remands the matter to the bankruptcy court. Here we have balanced the policies of avoiding piecemeal appeals and enhancing judicial efficiency.

*In re Vylene Enters., Inc.*, 968 F.2d 887, 894–95 (9th Cir.1992). If the matters on remand concern primarily factual issues about which there is no dispute, and the appeal concerns primarily a question of law, then the "policies of judicial efficiency and finality are best served by our resolving the question now." *In re Kelly*, 841 F.2d 908, 911 (9th Cir.1988). Here, the district court remanded for entry of an order allocating the amount and extent of the tax liens in dispute, an issue which

required no further factual development. It also reversed the bankruptcy court on the issue of avoidance of tax liens on property not within the bankruptcy estate. That separate and purely legal issue is the only issue before us, though our resolution of it will no doubt aid in the allocation decision. Resolving it will serve the demands of judicial efficiency. Therefore we have jurisdiction over this appeal pursuant to § 158(d).

■ We review *de novo* the district court's decision on an appeal from a bankruptcy court. *See In re Siragusa*, 27 F.3d 406, 407 (9th Cir.1994).

## DISCUSSION

■ In general, the Bankruptcy Code authorizes a debtor to exempt certain property from the bankruptcy estate so that it may not be reached by the trustee in bankruptcy. *See* 11 U.S.C. § 522. Section 522(h) allows the debtor to avoid certain transfers of exempt property. The debtor must meet five conditions in order to do so: (1) the transfer cannot have been a voluntary transfer of property by the debtor; (2) the debtor cannot have concealed the property; (3) the trustee cannot have attempted to avoid the transfer; (4) the debtor must exercise an avoidance power usually used by the trustee that is listed within § 522(h); and (5) the transferred property must be of a kind that the debtor would have been able to exempt from the estate if the trustee (as opposed to the debtor) had avoided the transfer pursuant to one of the statutory provisions in § 522(g). *See* 11 U.S.C. §§ 522(g) and (h).

There is no dispute that DeMarah has met the first three conditions. He did not attempt to conceal any property and the trustee did not attempt to set aside the tax liens. Nor is the attachment of a tax lien a voluntary transfer of property. *See In re Ridgley*, 81 B.R. 65, 67 (Bankr.D.Or.1987).

As to the fourth condition, DeMarah seeks to avoid the transfer under § 724(a), which is one of the specific provisions listed in § 522(h). Section 724(a) specifies that the trustee "may avoid a lien that secures a claim of a kind specified in section 726(a)(4) of this title." 11 U.S.C. § 724(a). The relevant

portion of that section discusses liens that secure claims for noncompensatory penalties.[2] Therefore, § 522(h) would normally allow DeMarah to avoid a lien that secures a claim for noncompensatory penalties, if the fifth condition could also be met. *See* 11 U.S.C. § 726(a)(4).

Section 522(g) allows a debtor to exempt property recovered by the trustee under §§ 550 and 551. Both of those provisions discuss the trustee's ability to recover property after a transfer has been avoided pursuant to § 724(a). 11 U.S.C. §§ 550, 551. Because DeMarah would have been able to exempt his property from the estate if the trustee had recovered the transfer under either § 550 or § 551—by exercising the trustee's avoidance power under § 724(a)—the last condition is met. Therefore, DeMarah argues, he should be allowed to avoid the tax lien.

■ The argument would be powerful, even conclusive, if § 522(h) existed in a vacuum. It does not. The fact that DeMarah may be able to exempt the property that is subject to the tax lien from the bankruptcy estate does not mean that he can remove the lien itself, or that portion of it which secures the penalty. Section 522(c) governs the treatment of exempt property. It provides:

(c) Unless the case is dismissed, property exempted under this section is not liable during or after the case for any debt of the debtor that arose ... before the commencement of the case, except—

&ast; &ast; &ast; &ast; &ast; &ast;

(2) a debt secured by a lien that is—

(A)(i) not avoided under subsection (f) or (g) of this section or under section 544, 545, 547, 548, 549, or 724(a) of this title; and

(ii) not void under section 506(d) of this title; or

(B) *a tax lien,* notice of which is properly filed. . . .

11 U.S.C. § 522(c) (emphasis added); *see also In re Swafford,* 160 B.R. 246, 248 (Bankr.N.D.Ga.1993) ("[E]xempt property remains subject to properly filed tax liens."); *In re Koppersmith,* 156 B.R. 537, 539 (Bankr. S.D.Tex.1993) ("Properly filed tax liens continue against exempt property unaffected by the bankruptcy under 11 U.S.C. § 522(c)(2)(B)."); *In re Rench,* 129 B.R. 649, 651 (Bankr.D.Kan.1991) ("Property exempted under § 522 remains liable after the case for any pre-petition debt secured by a tax lien, notice of which is properly filed."). In short, it is pellucid that property exempted from the estate remains subject to tax liens. Congress could hardly have been more direct in declaring that result.

DeMarah argues that § 724(a)'s set-aside of liens securing noncompensatory penalties means that he should not be liable for the penalty portion of the tax lien, even if he is required to pay the rest of the amount. He asserts that debtors may always avoid liens securing noncompensatory penalties and that § 522(c)(2)(B) makes only the tax lien itself unavoidable, not the penalty. That argument must fail.

Nothing in § 522(c)(2)(B) divides a tax lien into separate components. The whole amount owed is covered by the lien. *See In re Quillard,* 150 B.R. 291, 295 (Bankr.D.R.I. 1993) ("However, the Debtors' avoiding powers *with respect to IRS tax liens* are limited by 11 U.S.C. § 522(c)(2)(B).") (emphasis in original); *Rench,* 129 B.R. at 651 ("Thus, 11 U.S.C. § 522(c)(2)(B) prevents avoidance of a lien for tax penalties, where the IRS has properly filed notice of tax lien."); *In re Gerulis,* 56 B.R. 283, 287–88 (Bankr.D.Minn. 1985) (Chapter 7 debtor may not avoid tax lien for penalties pursuant to § 724(a)); *cf. In re Robinson,* 166 B.R. 812, 815–16 (Bankr. D.Vt.1994) (Chapter 7 debtor does not enjoy the same avoidance power as the trustee to avoid a federal or state tax lien under 11 U.S.C. § 545(2) (statutory lien provision)). Section 522(c)(2)(B) itself does not specifically exempt penalties from the definition of tax liens. Nor does the Internal Revenue Code

**2.** The tax penalties assessed against DeMarah are noncompensatory because the IRS is not alleging that they are assessed for the purpose of compensating the Service for a pecuniary loss. Rather, they are punitive in nature to punish DeMarah for his failure to pay taxes. We assume, without deciding, that the trustee could avoid tax penalties on nonexempt property.

distinguish between the tax and any penalty or interest when it provides for the imposition of liens. It says:

> If any person liable to pay any tax neglects or refuses to pay that same after demand, the amount (*including any* interest, additional amount, addition to tax, or assessable *penalty,* together with any costs that may accrue in addition thereto) shall be a lien in favor of the United States upon all property and rights to property, whether real or personal, belonging to such person.

26 U.S.C. § 6321 (emphasis added).

Furthermore, § 522(c)(2)(A) indicates that a debt secured by a lien that is avoided pursuant to § 724(a), which encompasses noncompensatory penalties (§ 726(a)(4)), does not remain attached to exempt property. Had Congress left it at that, it would appear that tax penalties would be removed. But Congress did not. Instead, it carefully added § 522(c)(2)(B) which brings back the whole of any tax lien. That explicit language belies any argument that the debtor can escape a part of the tax lien.

Nor does this obvious plain reading of the statute lead to an absurd result which we should not countenance. *Cf. EEOC v. Commercial Office Prods. Co.,* 486 U.S. 107, 120, 108 S.Ct. 1666, 1674, 100 L.Ed.2d 96 (1988); *Wilshire Westwood Assocs. v. Atlantic Richfield Corp.,* 881 F.2d 801, 804 (9th Cir.1989). Even if the trustee could avoid the penalty portion of tax liens on nonexempt property (an issue we need not decide), Congress could logically have wanted to allow tax penalties to be avoided if that would benefit unsecured creditors. At the same time it could easily have eschewed benefiting debtors who had incurred those penalties by failing to pay their taxes. Congress created avoidances of noncompensatory penalties to "protect[ ] unsecured creditors from the debtor's wrongdoing." S.Rep. No. 95–989, 95th Cong., 2d Sess. 96, *reprinted in* 1978 U.S.S.C.A.N. 5787, 5882. But in this case, if DeMarah were allowed to avoid the penalties creditors would not be protected; instead, DeMarah would gain the benefit of avoiding the penalties he incurred by not paying income and employment taxes. *See In re Carlton,* 19 B.R. 73, 75 (D.N.M.1982) (policies

behind §§ 724 and 726 prevent debtors from avoiding liens on tax penalties); *but see Gerulis,* 56 B.R. at 287 (statutory language of § 522(c), not policies underlying §§ 724 and 726, prevent debtor from avoiding tax lien penalties).

DeMarah responds that not allowing him to avoid the tax penalties frustrates the "fresh start" policy that lies behind exempting property from the bankruptcy estate in the first place. However, as we have said:

> Finally, the debtors argue ... that allowing the [tax] liens to remain defeats the fresh start policy underlying the bankruptcy code. We disagree. 11 U.S.C. § 522 allows debtors to exempt stated property from the bankrupt estate so that they may have a fresh start. It also provides for the survival of tax liens on that property. 11 U.S.C. § 522(c)(2)(B). In defining fresh start, Congress took cognizance of the fact that tax liens would survive.

*In re Isom,* 901 F.2d 744, 746 (9th Cir.1990). DeMarah may not avoid the lien for his tax penalties.

## CONCLUSION

No doubt one purpose of the bankruptcy code is to give debtors a chance at renewal, an opportunity to shed their scarred old skins and move forward as essentially unblemished economic people. But Congress has not allowed debtors to avoid all blemishes wrought by their past deeds; some are just too deep.

One of those blemishes is caused by a failure to pay taxes. We hold that Congress has denied debtors the right to remove tax liens from their otherwise exempt property. *See* 11 U.S.C. § 522(c)(2)(B). Moreover, we hold that even the penalty portion of the tax lien remains fixed on that property. We see nothing capricious or absurd about that. It simply adds to the taxpayer's incentive to render unto the government that which is its due.

AFFIRMED.