**FOR PUBLICATION**

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

| | |
|---|---|
| IN RE LEONARD E. HUTCHINSON; SONYA C. HUTCHINSON, *Debtors*, | No. 19-60065 BAP No. 19-1047 |
| LEONARD E. HUTCHINSON; SONYA C. HUTCHINSON, *Plaintiffs-Appellants*, v. UNITED STATES OF AMERICA, DEPARTMENT OF TREASURY, INTERNAL REVENUE SERVICE; JAMES SALVEN, Chapter 7 Trustee, *Defendants-Appellees*. | ORDER AND AMENDED OPINION |

Appeal from the Ninth Circuit
Bankruptcy Appellate Panel
Gan, Faris, and Brand, Bankruptcy Judges, Presiding

Argued and Submitted October 13, 2020
San Francisco, California

Filed October 19, 2021
Amended December 23, 2021

Before:  Ferdinand F. Fernandez, Kim McLane Wardlaw,
and Daniel P. Collins, Circuit Judges.

Order;
Opinion by Judge Collins

## SUMMARY[*]

### Bankruptcy

The panel affirmed the Bankruptcy Appellate Panel's decision affirming the bankruptcy court's dismissal of Chapter 7 debtors' adversary complaint concerning tax liens asserted by the Internal Revenue Service.

The IRS recorded liens for unpaid taxes, interest, and penalties against debtors' residence.  After debtors filed for bankruptcy, the IRS filed a proof of claim for both the secured and unsecured portions of its then-existing claim for unpaid taxes, interest, and penalties.  The portion of the claim that was secured by liens on debtors' residence and attributable only to penalties was over $162,000.  Debtors had filed an adversary proceeding against the United States and the Chapter 7 trustee, asserting that the IRS's claim for penalties was subject to avoidance by the trustee, and that because the trustee had not attempted to avoid this claim, debtors were empowered to do so under 11 U.S.C. § 522(h).  Debtors sought to avoid the liens and to preserve the liens for debtors' benefit.  The trustee cross-claimed against the

---

[*] This summary constitutes no part of the opinion of the court.  It has been prepared by court staff for the convenience of the reader.

United States, asserting the right, as trustee, to avoid the liens and alleging that, to the extent the liens were avoided, their value should be recovered for the benefit of the bankruptcy estate. The bankruptcy court dismissed the adversary complaint for failure to state a claim, and it entered a stipulated judgment in which the trustee and the United States agreed that the penalty portions of the IRS's liens were avoided pursuant to 11 U.S.C. § 724(a). The BAP affirmed the dismissal.

Affirming the dismissal of debtors' first cause of action, the panel held that § 522(h) did not authorize debtors to avoid the liens that secured the IRS's penalties claim. Under § 522(h) a transfer (including a lien) can be avoided by a debtor if (1) the transfer is avoidable by the trustee under § 724(a); (2) the trustee does not attempt to avoid the transfer; and (3) the debtor could have exempted the property under § 522(g)(1) if the trustee had avoided the transfer. One of the components of the third of these requirements is that "the debtor could have exempted such property" under § 522(b) "if such property had not been transferred." Debtors contended that they met this component because § 522(b) allowed them to exempt their interest in their principal residence up to the extent of their $100,000 homestead exemption under California law. The panel held that this contention was foreclosed by *DeMarah v. United States (In re DeMarah)*, 62 F.3d 1248 (9th Cir. 1995), which held that, because, under § 522(c)(2)(B), Congress has denied debtors the right to remove tax liens from their otherwise exempt property, they may not avoid a lien for tax penalties under § 522(h). The panel held that debtors' first cause of action also failed because the trustee did attempt to avoid the tax lien to the extent that it secured the penalties claim.

Debtors further contended that, even if the trustee acted to avoid the liens, the property should have been preserved for debtors' benefit, rather than for the benefit of the estate. Therefore, either their second cause of action should not have been dismissed or they should have been allowed to intervene in the trustee's cross-claim against the United States. The panel held that debtors could not preserve for their own benefit the portions of the tax liens that were avoided by the trustee, and their complaint was therefore properly dismissed in its entirety with prejudice. The panel held that, under the plain language of 11 U.S.C. § 551, a transfer that is avoided by the trustee under § 724(a) is preserved for the benefit of the estate. The panel held that this aspect of § 551 is not overridden by § 522(i)(2), which provides that property may be preserved for the benefit of the debtor to the extent of a homestead exemption, because, under *DeMarah*, § 522(i)(2) is subordinate to § 522(c)(2)(B)'s bright-line rule that debtors lack the right to remove tax liens from their otherwise exempt property.

## COUNSEL

David R. Jenkins (argued), David R. Jenkins APC, Fresno, California, for Debtors-Appellants.

Robert J. Branman (argued) and Bruce R. Ellisen, Attorneys, Tax Division; David A. Hubbert, Deputy Assistant Attorney General; Richard E. Zuckerman, Principal Deputy Assistant Attorney; McGregor W. Scott, United States Attorney; Tax Division, United States Department of Justice, Washington, D.C., for Appellee United States of America.

Russell W. Reynolds (argued) and Kelsey A. Seib, Coleman & Horowitt LLP, Fresno, California, for Appellee James Salven.

## ORDER

The opinion filed on October 19, 2021, and reported at 15 F.4th 1229, is amended by changing the penultimate textual sentence of Section III to read as follows:

> The only way to read these provisions sensibly together is to conclude that, with respect to a tax lien covered by § 522(c)(2)(B), a debtor may not invoke § 522(i)(2) in order to override § 551's otherwise applicable rule that, after the trustee avoids a lien under § 724(a), the lien "is preserved for the benefit of the estate." *Id.* § 551.

An amended version of the opinion, reflecting this change, accompanies this order.

With the opinion as amended, the panel has unanimously voted to deny the petition for panel rehearing filed on November 24, 2021 (Dkt. Entry 39).

Accordingly, the petition for rehearing is **DENIED**. No further petitions for rehearing or rehearing en banc will be entertained.

**OPINION**

COLLINS, Circuit Judge:

Plaintiffs Leonard E. Hutchinson and Sonya C. Hutchinson, Chapter 7 debtors, appeal from the decision of the Bankruptcy Appellate Panel for the Ninth Circuit ("BAP") affirming the bankruptcy court's dismissal with prejudice of their adversary complaint concerning certain tax liens asserted by the Internal Revenue Service ("IRS"). We affirm.

**I**

In 2011, the IRS recorded liens for unpaid taxes, interest, and penalties against Plaintiffs' residence in Orosi, California. After Plaintiffs filed for Chapter 7 bankruptcy in June 2017, the IRS in August 2017 filed a proof of claim for both the secured and unsecured portions of its then-existing claim for unpaid taxes, interest, and penalties. The portion of the claim that was secured by the liens on Plaintiffs' home and attributable only to penalties was over $162,000.

However, even before the IRS filed that claim, Plaintiffs preemptively filed the instant adversary proceeding against the United States and the Chapter 7 Trustee appointed in their case, James Salven. In the first cause of action in their complaint, Plaintiffs asserted that, because the IRS's claim for penalties was a "claim of a kind specified in section 726(a)(4)" of Title 11 of the U.S. Code, the "lien that secures" that penalties claim was subject to avoidance by the trustee under § 724(a). *See* 11 U.S.C § 724(a) ("The trustee may avoid a lien that secures a claim of a kind specified in section 726(a)(4) of this title."); *see also id*. § 726(a)(4) (generally describing claims "for any fine, penalty, or forfeiture"). Plaintiffs alleged that, because Salven had not

attempted to avoid the IRS's penalties claim, Plaintiffs were empowered to do so under 11 U.S.C. § 522(h). *See id.* § 522(h) (describing certain circumstances in which a "debtor may avoid a transfer of property of the debtor" if "the trustee does not attempt to avoid such transfer"); *id.* § 101(54) (broadly defining "transfer" to include, for example, the "creation of a lien"). Plaintiffs therefore sought to "avoid the lien" securing the penalties claim to the extent that it encumbered their Orosi home and to the extent of the "lesser" of the amount of the penalties claim or the amount of Plaintiffs' homestead exemption (which was $100,000). *See Law v. Siegel*, 571 U.S. 415, 417–18 (2014) (noting that the "Bankruptcy Code provides that a debtor may exempt certain assets from the bankruptcy estate," and that one such exemption, "commonly known as the 'homestead exemption,'" protects a specified amount of "equity in the debtor's residence"). In their second cause of action, Plaintiffs alleged that, to the extent the liens were avoided, they should be preserved "for the benefit of the Plaintiffs."

Salven filed an answer to the complaint, together with a cross-claim against the United States. In his first cause of action, Salven asserted the right, as trustee, to avoid the liens securing the IRS's penalties claim. In his second cause of action, Salven alleged that, to the extent that the liens were avoided, their value should be recovered for the benefit of the bankruptcy estate.

The Government filed a motion to dismiss Plaintiffs' adversary complaint, which the bankruptcy court granted in January 2018. *Hutchinson v. United States* (*In re Hutchinson*), 579 B.R. 860, 865 (Bankr. E.D. Cal. 2018). Plaintiffs appealed to the BAP, but the BAP dismissed the appeal as interlocutory in light of Salven's still-pending cross-claim against the Government. In February 2019, the

bankruptcy court entered a stipulated judgment in which Salven and the Government agreed that the "penalty portions" of certain of "the IRS's liens" against Plaintiffs' Orosi residence "are avoided pursuant to 11 U.S.C. § 724(a)."   Given the resulting final judgment in the adversary proceeding, Plaintiffs again appealed to the BAP, which affirmed the dismissal of their adversary complaint.

Plaintiffs timely appealed to this court, and we have jurisdiction under 28 U.S.C. § 158(d)(1).  We review the BAP's decision de novo, and we review the underlying bankruptcy court decision using the same standard of review the BAP did.  *Tracht Gut, LLC v. L.A. Cnty. Treasurer & Tax Collector* (*In re Tracht Gut, LLC*), 836 F.3d 1146, 1150 (9th Cir. 2016).  Because the underlying decision was a dismissal for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6), our review of that decision is de novo.  *Id.*; *see also* FED. R. BANKR. P. 7012(b) (stating that FED. R. CIV. P. 12(b) "applies in adversary proceedings" in bankruptcy court).

## II

Section 522(h) does not authorize Plaintiffs to avoid the liens that secure the IRS's penalties claim, and their first cause of action was therefore properly dismissed for failure to state a claim.

In theory, a debtor's ability to avoid certain "transfer[s]" of property under § 522(h) could extend to tax liens.  *See DeMarah v. United States* (*In re DeMarah*), 62 F.3d 1248, 1250 (9th Cir. 1995) (citing *In re Ridgley*, 81 B.R. 65, 67 (Bankr. D. Or. 1987)); *see also City of El Paso v. Am. W. Airlines* (*In re Am. W. Airlines, Inc.*), 217 F.3d 1161, 1165 (9th Cir. 2000) ("Because a tax lien is an involuntary parting of an interest in property, it qualifies as a transfer within the

meaning of the Bankruptcy Code."); 11 U.S.C. § 101(54) ("transfer" includes the "creation of a lien," "the retention of title as a security interest," and "each mode, direct or indirect, absolute or conditional, voluntary or involuntary, of disposing of or parting with . . . property; or . . . an interest in property"). Under the terms of § 522(h), a transfer (including a lien) can be avoided by the debtor if (1) the transfer is "avoidable by the trustee under section . . . 724(a)"; (2) the "trustee does not attempt to avoid such transfer"; and (3) "the debtor could have exempted such property under subsection (g)(1) of this section if the trustee had avoided such transfer." 11 U.S.C. § 522(h); *see also DeMarah*, 62 F.3d at 1250. The third of these requirements, in turn, has several components. One of them is that "the debtor could have exempted such property" under § 522(b) "if such property had not been transferred." *See* 11 U.S.C. § 522(g).[1] Plaintiffs contend that they meet that requirement because § 522(b) allows them to exempt their interest in their principal residence up to the extent of their $100,000 homestead exemption under California law. *See id*. § 522(b)(3)(A); CAL. CODE CIV. P. § 704.730(a)(2), (b)

---

[1] The other requirements of § 522(g)(1) would presumably be met in the context of a lien for tax penalties that is avoidable under § 724(a). Such a tax lien is "not a voluntary transfer of such property by the debtor," and the "debtor did not conceal such property." 11 U.S.C. § 522(g)(1)(A)–(B). Section 522(g) also requires that the property be one "that the trustee recovers under section 510(c)(2), 542, 543, 550, 551, or 553," *id*. § 522(g), but that condition would be met "if the trustee had avoided such [lien]" under § 724(a), *see id*. § 522(h). Upon such avoidance under § 724(a), then under § 550 the trustee could "recover, for the benefit of the estate, the property transferred," *id*. § 550(a), and the lien also would be automatically "preserved for the benefit of the estate" under § 551. As a result, the property would then be "property that the trustee recovers under section . . . 550, 551." *See id*. § 522(g).

(2017) (setting applicable "homestead exemption" at "$100,000"); *see generally Law v. Siegel*, 571 U.S. at 418.

However, we held in *DeMarah* that, because § 522(c)(2)(B) states that otherwise "exempt[]" property remains subject to "a tax lien, notice of which is properly filed," *see* 11 U.S.C. § 522(c)(2)(B), any "property exempted from the estate remains subject to tax liens," *DeMarah*, 62 F.3d at 1251. Because, under § 522(c)(2)(B), "Congress has denied debtors the right to remove tax liens from their otherwise exempt property," we held that a debtor "may not avoid the lien for his tax penalties" under § 522(h). *Id*. at 1252.

We acknowledged in *DeMarah* that this reading of the code could lead to a disparity in which *trustees* might be able to avoid such liens under § 724(a), while debtors cannot. *Id*. (reserving the question of whether a "trustee could avoid the penalty portion of tax liens on nonexempt property"); *cf. Gill v. Kirresh (In re Gill)*, 574 B.R. 709, 716 (B.A.P. 9th Cir. 2017) (holding that a trustee is "expressly authorized . . . to avoid, subordinate and preserve the penalty portion of the IRS's tax lien for the benefit of the estate's unsecured creditors"). But we explained that "Congress could logically have wanted to allow tax penalties to be avoided if that would benefit *unsecured creditors*," while "eschew[ing] benefiting *debtors* who had incurred those penalties by failing to pay their taxes." *DeMarah*, 62 F.3d at 1252 (emphasis added).

Under our binding decision in *DeMarah*, Plaintiffs cannot invoke § 522(h) to avoid a properly filed tax lien, even if that lien would be avoidable by the trustee under § 724(a). Plaintiffs contend in their brief that "the *DeMarah* Court failed to properly construe the relevant provisions of the Bankruptcy Code in reaching its decision," but as a three-

judge panel we lack the authority to reconsider *DeMarah*'s clear and directly applicable holding. *See Miller v. Gammie*, 335 F.3d 889, 899–900 (9th Cir. 2003) (en banc).

In all events, Plaintiffs' effort to invoke § 522(h) fails for a second, and independent reason. As noted earlier, here the trustee *did* "attempt to avoid" the tax lien to the extent that it secured the penalties claim, *see* 11 U.S.C. § 522(h)(2), and he largely succeeded in that effort. *See supra* at 7. Because this clear requirement of § 522(h) was not met here, Plaintiffs could not invoke that section even if (contrary to *DeMarah*) it were otherwise applicable.

We affirm the dismissal of Plaintiffs' first cause of action.

### III

Plaintiffs contend that even if Salven, as trustee, acted to avoid the liens, the property should have been preserved for Plaintiffs' benefit, rather than for the benefit of the estate. At the hearing on the Government's motion to dismiss, Plaintiffs argued that their second cause of action therefore should not be dismissed or that, alternatively, they should be allowed to intervene in Salven's cross-claim against the Government. We conclude that Plaintiffs cannot preserve for their own benefit the portions of the tax liens that were avoided by the trustee, and that their complaint was therefore properly dismissed in its entirety with prejudice.

A transfer that is avoided by the trustee "under section . . . 724(a) . . . is preserved for the benefit of the estate but only with respect to property of the estate." 11 U.S.C. § 551. Because Salven, as trustee, avoided the penalty portions of the tax liens pursuant to § 724(a), it follows that, under the plain language of § 551, those liens are preserved for the

benefit of the estate. *See Heintz v. Carey (In re Heintz)*, 198 B.R. 581, 585–86 (B.A.P. 9th Cir. 1996) (holding that, regardless of whether the debtor claims an exemption, any interest of the debtor in property at the commencement of the bankruptcy case is "property of the estate" as that phrase is used in § 551).

Plaintiffs contend, however, that this aspect of § 551 is overridden by § 522(i)(2), which provides:

> Notwithstanding section 551 of this title, a transfer avoided under section 544, 545, 547, 548, 549, or 724(a) of this title, under subsection (f) or (h) of this section, or property recovered under section 553 of this title, may be preserved for the benefit of the debtor to the extent that the debtor may exempt such property under subsection (g) of this section or paragraph (1) of this subsection.

11 U.S.C. § 522(i)(2). According to Plaintiffs, they can "exempt such property under subsection (g)" because, to the extent that they are relying on their homestead exemption under California law, they assertedly have met all of the requirements of subsection (1) of § 522(g). *See supra* at 9 & n.1. And because the trustee acted under § 724(a) in avoiding the IRS liens securing the penalties claim, Plaintiffs argue that the plain language of § 522(i)(2) establishes that, to the extent of Plaintiffs' homestead exemption, the avoided liens "may be preserved for the benefit of the debtor[s]"

rather than the estate.  11 U.S.C. § 522(i)(2).  We reject this contention.[2]

Plaintiffs' reliance on § 522(i)(2) fails because, under our decision in *DeMarah*, that provision is equally subordinate to § 522(c)(2)(B)'s bright-line rule that debtors lack "the right to remove tax liens from their otherwise exempt property."  62 F.3d at 1252.  We acknowledged in *DeMarah* that the property was arguably subject to exemption under the literal terms of § 522(g)(1), as incorporated into § 522(h), and that, if these provisions "existed in a vacuum," that would suggest that the *debtor* could avoid the tax lien under § 522(h) to the extent of the exemption.  *Id*. at 1251.  But those provisions do not exist in a vacuum, and we held that any such lien-avoidance authority of the debtor under § 522(h) could *not* be invoked to make an end-run around § 522(c)(2)(B)'s settled rule that tax liens apply to exempt property.  *Id*. at 1251–52.  We perceive no principled basis on which to reach a different conclusion when § 522(g)'s exemption authority is instead incorporated into § 522(i)(2).

---

[2] Plaintiffs' reading of § 522(i)(2) implicitly rests on the assumption that a "transfer" qualifies under that subsection if it is avoided *either* "under section 544, 545, 547, 548, 549, or 724(a) of this title" *or* "under subsection (f) or (h) of this section."  The bankruptcy court and the BAP instead took the view that the transfer had to satisfy *both* clauses, and they held that Plaintiffs could not meet the resulting requirement that the liens had to be avoided "under subsection (f) or (h) of this section."  That was true, the courts concluded, because § 522(f) and § 522(h) only address avoidance by the *debtor*, and here, the *trustee* avoided the liens. We need not decide which reading of § 522(i)(2) is correct on this point. Even assuming that Plaintiffs are right in asserting that avoidance "under subsection (f) or (h)" is not required here, their invocation of § 522(i)(2) still fails for the reasons we explain.

Indeed, the text of § 522(c)(2)(B) makes quite clear that its rule that debtors cannot use exemption authority to escape tax liens applies even if (as here) the tax liens are otherwise avoided by a trustee under § 724(a). Section 522(c)(2) has two separate subsections describing liens that apply to exempt property. The first of these says that exempt property remains liable for "a debt secured by a lien that is . . . *not* avoided under . . . section . . . 724(a)." 11 U.S.C. § 522(c)(2)(A) (emphasis added). That provision is inapplicable here, because the trustee *did* avoid the relevant tax liens under § 724(a). The second subsection of § 522(c)(2), however, provides that exempt property remains liable for "a debt secured by a lien that is . . . a tax lien, notice of which is properly filed," and it says nothing at all about whether that tax lien has otherwise been avoided. 11 U.S.C. § 522(c)(2)(B). Given the obvious contrast in language, § 522(c)(2)(B) would operate, vis-à-vis a debtor, to preserve "tax lien[s]" against otherwise exempt property *regardless* of whether the trustee has avoided them. This difference in language "belies any argument that the *debtor* can escape a part of the tax lien." *DeMarah*, 62 F.3d at 1252 (emphasis added).

Because § 522(c)(2) thus makes clear that a debtor's exemption power cannot escape a tax lien, regardless of whether that lien was avoided by the trustee, it would be completely contradictory to then construe § 522(i)(2) (or § 522(g), for that matter) as allowing a debtor, after a *trustee* has avoided the tax lien, to then preserve the avoided lien "for the benefit of the *debtor*" by claiming an exemption under § 522(g). 11 U.S.C. § 522(i)(2) (emphasis added). Such a result—having the trustee avoid the lien only to turn over the benefits to the debtor, whose exempt property would then be free of the lien—would create precisely the kind of end-run around § 522(c)(2)(B) that we rejected in

*DeMarah*. Alternatively, if the result were that the trustee avoided the lien only to turn over the benefits to the debtor, whose exempt property would then be *subject* to the lien under § 522(c)(2)(B), that would effectively nullify the trustee's express lien-avoidance power under § 724(a). The only way to read these provisions sensibly together is to conclude that, with respect to a tax lien covered by § 522(c)(2)(B), a debtor may not invoke § 522(i)(2) in order to override § 551's otherwise applicable rule that, after the trustee avoids a lien under § 724(a), the lien "is preserved for the benefit of the estate." *Id*. § 551.

We therefore hold that the BAP properly concluded that the penalty portions of the tax liens that Salven successfully avoided were preserved for the benefit of the estate and not Plaintiffs.[3]

**IV**

Because Plaintiffs' claims all failed as a matter of law, the BAP correctly affirmed the bankruptcy court's dismissal of Plaintiffs' adversary complaint with prejudice.

**AFFIRMED.**

---

[3] We express no view as to whether that actually "leave[s] a pot of funds available for distribution to unsecured creditors." *See United States v. Hutchinson* (*In re Hutchinson*), 615 B.R. 596, 598, 608 (E.D. Cal.) (affirming denial of Government's motion to compel trustee to abandon the Orosi residence, in which the Government argued that, despite the partial avoidance of the tax liens, the property was "of inconsequential value to the estate" in light of remaining encumbrances), *vacated as moot*, 2020 WL 5551702 (9th Cir. 2020) (dismissing appeal as moot in light of trustee's sale of Orosi residence). No issue concerning the proper distribution of the proceeds of sale of the Orosi residence has been presented to us.