**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

In re: CENSO, LLC,

    Debtor,

------------------------------

CENSO, LLC,

    Appellant,

 v.

NEWREZ, LLC, DBA Shellpoint
Mortgage Servicing; et al.,

    Appellees.

No.  22-60010

BAP No. 21-1125

MEMORANDUM[*]

Appeal from the Ninth Circuit
Bankruptcy Appellate Panel
Lafferty III, Taylor, and Faris, Bankruptcy Judges, Presiding

Submitted October 3, 2023[**]
Las Vegas, Nevada

---

[*]  This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]  The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

Before: RAWLINSON and OWENS, Circuit Judges, and FITZWATER,[***] District Judge.

This case concerns a residential property in Las Vegas, Nevada (the property) that was secured by a deed of trust recorded by Bank of America (BANA), and later assigned to Ditech Financial LLC, f/k/a Green Tree Servicing, LLC (Ditech). The loan is currently owned by the Federal National Mortgage Association (Fannie Mae), and serviced by NewRez, LLC d/b/a Shellpoint Mortgage Servicing (Shellpoint), the most recent assignee.

Ke Aloha Holdings, LLC (KAH) purchased the property at a foreclosure sale and transferred the property to Appellant Censo, LLC (Censo). After the homeowner filed a quiet title action in state court to set aside the foreclosure sale, KAH filed counterclaims against the homeowner and cross-claims against BANA and Ditech to quiet title.[1] Ditech in turn filed a counterclaim and cross-claim against KAH to quiet title. The federal district court granted summary judgment in favor of Ditech on its quiet title claim, and determined that KAH took title subject to Fannie Mae's deed of trust.

---

[***] The Honorable Sidney A. Fitzwater, United States District Judge for the Northern District of Texas, sitting by designation.

[1] By this time, the case had been removed to federal court.

Weeks before the district court issued its order, Censo filed a Chapter 11 bankruptcy petition listing the property as an asset. Censo also filed an adversary proceeding against Appellees Shellpoint, BANA, and Fannie Mae. The bankruptcy court dismissed the adversary proceeding as barred by claim preclusion based on the district court's summary judgment order. A Bankruptcy Appellate Panel (BAP) affirmed the bankruptcy court's dismissal of Censo's adversary proceeding, rejecting Censo's argument that the district court's order could not have preclusive effect because it violated the automatic stay provision in 11 U.S.C. § 362(a).

We have jurisdiction under 28 U.S.C. § 158(d). "We review the BAP's decision de novo, and we review the underlying bankruptcy court decision using the same standard of review the BAP did. . . ." *Hutchinson v. IRS* (*In re Hutchinson*), 15 F.4th 1229, 1232 (9th Cir. 2021), *as amended*. We review the bankruptcy court's rulings "without according any deference to the BAP." *Salazar v. McDonald* (*In re Salazar*), 430 F.3d 992, 994 (9th Cir. 2005).

1. Appellees argue that this appeal is moot because the underlying bankruptcy action was dismissed. But an adversary proceeding seeking to remedy violations of the automatic stay may survive dismissal of the underlying

3

bankruptcy case. *See 40235 Washington St. Corp. v. Lusardi*, 329 F.3d 1076, 1080 (9th Cir. 2003).

**2.** Appellees argue that this court should decline to reach the merits of this appeal because Censo failed to challenge the bankruptcy court's alternative ground for dismissal, failure to plausibly allege the invalidity of the deed. But any waiver—which we do not opine on— does not prevent us from ruling on the issue Censo did appeal. *See United States v. Northrop Corp.*, 59 F.3d 953, 957 n.2 (9th Cir. 1995) (stating that the "waiver rule is not one of jurisdiction, but discretion") (citations omitted).

**3.** On the merits, Censo contends that the district court's order violated §§ 362(a)(1), (a)(3), and (a)(4) of the automatic stay provision. We disagree.

Section 362(a)(1) prevents judicial action "against the debtor" during the pendency of a bankruptcy proceeding. But Ditech's counterclaim was defending against KAH's quiet title claim and was not an action "*against* the debtor." 11 U.S.C. § 362(a)(1) (emphasis added); *see also Parker v. Bain*, 68 F.3d 1131, 1137 (9th Cir. 1995) (explaining that "litigation must be disaggregated . . . when determining which [claims] are subject to the bankruptcy stay") (citation omitted).

Censo's argument under § 362(a)(3), which bars "any act to obtain possession . . . or to exercise control over property of the estate," also fails. The

4

district court's decision that KAH took title subject to Fannie Mae's deed of trust, did not "disturb the status quo of estate property as of the time when the bankruptcy petition was filed." *City of Chicago v. Fulton*, 141 S.Ct. 585, 590 (2021); *see also Berezovsky v. Moniz*, 869 F.3d 923, 925 (9th Cir. 2017) (discussing the Federal Foreclosure Bar that protects a Federal Housing Finance Agency from nonconsensual foreclosure).

Finally, § 362(a)(4) prohibits "any act to create, perfect, or enforce any lien against property of the estate." Censo contends that the district court's order "perfected" Shellpoint's lien, but the lien was created and recorded before Censo filed its bankruptcy petition. *See Bank of N.Y. Mellon v. Enchantment at Sunset Bay Condo Ass'n*, 2 F.4th 1229, 1231 & n.3 (9th Cir. 2021) (concluding that the *post*-petition recording of a lien or notice violated § 362(a)(4)).

**AFFIRMED.** [2]

---

[2] Because we affirm on the basis that the district court order did not violate the automatic stay, we need not and do not address the alternative bases for affirmance.