NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

FEB 6 2024

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| In re: JOSE HUMBERTO AGUILA GALVAN,<br><br>    Debtor,<br><br>-----------------------------<br><br>JOSE HUMBERTO AGUILAR GALVAN,<br><br>    Appellant,<br><br> v.<br><br>PHH MORTGAGE CORPORATION,<br><br>    Appellee. | No. 23-60013<br><br>BAP No.22-1106<br><br><br>MEMORANDUM* |

Appeal from the Ninth Circuit
Bankruptcy Appellate Panel
Lafferty III, Corbit, and Faris, Bankruptcy Judges, Presiding

Submitted February 6, 2024**

Before: BENNETT, BADE, and COLLINS, Circuit Judges.

Debtor Jose Humberto Aguilar Galvan appeals the Bankruptcy Appellate

---

  * This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

  ** The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

Panel's (BAP) decision affirming the bankruptcy court's order granting in rem relief from a stay under 11 U.S.C. § 362(d)(4) to creditor PHH Mortgage Corporation.[1]  We have jurisdiction under 28 U.S.C. § 158(d)(1).  We review the BAP's decision de novo and the underlying Bankruptcy Court order for abuse of discretion.  *In re Hutchinson*, 15 F.4th 1229, 1232 (9th Cir. 2021); *In re First Yorkshire Holdings, Inc.*, 470 B.R. 864, 868 (9th Cir. BAP 2012).

We agree with the BAP that the bankruptcy court did not abuse its discretion by granting in rem relief from a stay under 11 U.S.C. § 362(d)(4).  To obtain relief under 11 U.S.C. § 362(d)(4), the creditor must establish that (1) the "debtor's bankruptcy filing [was] part of a scheme"; (2) "the object of the scheme [was] to delay, hinder, or defraud creditors"; and (3) "the scheme . . . involve[d] either (a) the transfer of some interest in the real property without the secured creditor's consent or court approval, or (b) multiple bankruptcy filings affecting the property."  *In re First Yorkshire Holdings, Inc.*, 470 B.R. at 870.  As the BAP correctly noted, the record demonstrates that Galvan's family "attempted numerous times to transfer interests in the Property to other parties without the consent of the

---

[1] As shown by the documents submitted by PHH in support of its motion for relief under § 362(d)(4), PHH had obtained a beneficial interest in the note and deed of trust on real property owned, at least in part, by Galvan's parents.  These documents were more than sufficient to establish PHH's "colorable claim to the property," which is all that is required to bring a motion under § 362(d)(4).  *See In re Griffin*, 719 F.3d 1126, 1128 (9th Cir. 2013).

secured creditor and, along with Debtor, filed nine bankruptcy cases to avoid foreclosure, all the while failing to make payments on the loan secured by the Property." Indeed, Galvan filed this bankruptcy proceeding even though he was not a borrower on the loan and only obtained an interest in the property *after* filing this action.

**AFFIRMED.**