NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

JUN 5 2025

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| In re:  YING LIU; ZHIWEN YANG<br><br>Debtors.<br>_____<br><br>YING LIU; ZHIWEN YANG,<br><br>   Appellants,<br><br> v.<br><br>YUN ZHANG,<br><br>   Appellee. | No. 24-3522<br><br>D.C. No.<br>23-1158<br><br>MEMORANDUM* |

Appeal from the Ninth Circuit
Bankruptcy Appellate Panel
William J. Lafferty, III, Julia W. Brand, and Gary A. Spraker, Bankruptcy Judges,
Presiding

Submitted June 3, 2025**
Seattle, Washington

Before: RAWLINSON, BRESS, and BUMATAY, Circuit Judges.

---

  *  This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

  **  The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

Debtors Ying Liu and Zhiwen Yang appeal the Bankruptcy Appellate Panel's ("BAP") decision affirming the bankruptcy court's denial of their motion for relief from that court's order approving a settlement agreement between them and Yun Zhang. We affirm.

We review the BAP's decision de novo and the underlying bankruptcy court order under the same standard of review the BAP applied. *Hutchinson v. United States (In re Hutchinson)*, 15 F.4th 1229, 1232 (9th Cir. 2021). Because the underlying order ruled on a motion brought under Federal Rule of Civil Procedure 60, the applicable standard for the bankruptcy court's ruling is abuse of discretion. *See Marroquin v. City of Los Angeles*, 112 F.4th 1204, 1211 (9th Cir. 2024).

1. Debtors first argue that the bankruptcy court abused its discretion when it rejected their claim for relief under Federal Rule 60(b)(3), and that the BAP erred by affirming the decision. We disagree. Rule 60(b)(3) allows a court to "relieve a party . . . from a final judgment, order, or proceeding" based on the "fraud . . . , misrepresentation, or misconduct by an opposing party." To prevail, Debtors needed to prove by "clear and convincing evidence" that the order approving the settlement was "obtained through fraud, misrepresentation, or other misconduct" and that it "prevented [them] from fully and fairly presenting the defense." *Trendsettah USA, Inc. v. Swisher Int'l, Inc.*, 31 F.4th 1124, 1136 (9th Cir. 2022) (simplified). They must also show that the fraud was "not . . . discoverable by due diligence before or

24-3522

during the proceedings." *Casey v. Albertson's Inc.*, 362 F.3d 1254, 1260 (9th Cir. 2004) (simplified).

Debtors failed to carry their burden. Debtors consistently argued before the bankruptcy court that the Zhang judgment was invalid and obtained through inappropriate or fraudulent means. They also argued that the settlement agreement was "fair and equitable" because it afforded them significant benefits and spared them the risk of litigation associated with challenging the validity of the Zhang judgment. Debtors were likewise aware that a third party was challenging the Zhang judgment in China. Because Debtors were aware of the relevant facts and made an informed decision to settle, the bankruptcy court did not abuse its discretion in finding Rule 60(b)(3) relief inappropriate under these circumstances.

2. Debtors next argue that the bankruptcy court abused its discretion when it denied their motion for relief under Rule 60(b)(5). Rule 60(b)(5) allows a court to relieve a party from a final judgment if it "has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable." Debtors argue that applying the settlement agreement prospectively is no longer equitable.

Relief under Rule 60(b)(5) requires "a significant change either in factual conditions or in law." *Horne v. Flores*, 557 U.S. 433, 447 (2009) (simplified). But Debtors show neither. Instead, the record makes clear that Debtors contemplated

the possibility that the Zhang judgment could be thrown out and elected to settle because they deemed it to be in their best interests given the benefits offered to them in the agreement. Debtors may regret agreeing to the settlement, but that does not form the basis for Rule 60(b)(5) relief—especially when a party fully understands the implications of their decision. *See id.*; *United States v. Asarco Inc.*, 430 F.3d 972, 979 (9th Cir. 2005) ("A court should not ordinarily modify a decree, however, 'where a party relies upon events that actually were anticipated at the time it entered into a decree.'" (simplified)). And enforcement of a private settlement agreement voluntarily entered into by parties with knowledge of the relevant facts and circumstances is not detrimental to the public interest. *See Horne*, 557 U.S. at 447.

3. Lastly, Debtors challenge the bankruptcy court's denial of relief under Rule 60(b)(6). Rule 60(b)(6) is a catch-all provision that allows a court to grant relief for "any other reason that justifies relief." Rule 60(b)(6) applies only in cases of "extraordinary circumstances" and "only when the reason for granting relief is not covered by any other reasons set forth in Rule 60." *Delay v. Gordon*, 475 F.3d 1039, 1044 (9th Cir. 2007) (simplified). Here, Debtors based their Rule 60(b)(6) motion on the same reasons that they sought relief under Rule 60(b)(3) and (5)—fraud and changed circumstances. Because those rationales are covered by different parts of Rule 60, it was not an abuse of discretion to deny relief under Rule 60(b)(6).

**AFFIRMED.**

24-3522