**FOR PUBLICATION**

**UNITED STATES COURT OF APPEALS**
**FOR THE NINTH CIRCUIT**

In re: SANDRA J. TILLMAN,

Debtor,

_____

UNITED STATES OF AMERICA,

Appellant,

v.

LAWRENCE J. WARFIELD,
Trustee; SANDRA J. TILLMAN,

Appellees.

No. 21-16034

D.C. No.
3:20-cv-08204-DWL

OPINION

Appeal from the United States District Court
for the District of Arizona
Dominic Lanza, District Judge, Presiding

Argued and Submitted July 5, 2022
Seattle, Washington

Before: CLIFTON and BUMATAY, Circuit Judges, and
CHEN,[*] District Judge.

Opinion by Judge Chen;
Dissent by Judge Bumatay

_____

[*] The Honorable Edward M. Chen, United States District Judge for the
Northern District of California, sitting by designation.

# SUMMARY[**]

## Bankruptcy

The panel reversed the district court's decision affirming the bankruptcy court's summary judgment in favor of a Chapter 7 trustee who brought an adversary proceeding seeking to avoid an Internal Revenue Service tax lien on property subject to a homestead exemption and to preserve the value of the lien for the benefit of the bankruptcy estate.

The IRS held a secured claim on the debtor's real property arising from a tax penalty lien. The debtor claimed a $150,000 homestead exemption in the property under Arizona law. The trustee sought to avoid the tax penalty lien on the debtor's exempt property and preserve it for the benefit of the estate pursuant to 11 U.S.C. §§ 724(a) and 551.

The panel held that § 724(a) concerns the trustee's avoidance of qualifying liens attached to the property of the estate at the time of distribution. When a debtor exempts a property interest under 11 U.S.C. § 522, the exemption withdraws that property interest from the bankruptcy estate and, thus, from the reach of the trustee for distribution to creditors. Accordingly, because exempt property is not "property of the estate" which may be "distributed," a trustee may not avoid a lien under § 724(a) attached to exempt property which is no longer part of the estate. The panel held that because a trustee may not avoid a tax lien attached to exempt property through § 724(a), it follows that a trustee is not permitted to preserve the tax lien for the benefit of the

---

[**] This summary constitutes no part of the opinion of the court. It has been prepared by court staff for the convenience of the reader.

estate under § 551, which provides for automatic preservation of certain avoided liens, including liens avoided under § 724(a). The panel concluded that its holding was consistent with *Hutchinson v. IRS (In re Hutchinson)*, 15 F.4th 1229 (9th Cir. 2021), in which the court was not called upon to resolve any dispute as to the applicability of § 724(a) to the property at issue. The panel reversed and remanded to the district court with instructions for further proceedings.

Dissenting, Judge Bumatay wrote that the panel should have affirmed the trustee's avoidance of the IRS tax penalty lien because the Bankruptcy Code creates no exception to the trustee's avoidance power for liens on exempt property. Judge Bumatay wrote that under the plain text of §§ 724(a) and 726(a)(4), a trustee has the authority to avoid a federal tax penalty lien, and estate property does not evolve over the course of a bankruptcy proceeding. Rather, exempt property is protected from prepetition debts, but it is not wholly removed from the bankruptcy estate.

## COUNSEL

Matthew S. Johnshoy (argued), Francesca Ugolini, and Ellen Page DelSole, Attorneys; David A. Hubbert, Deputy Assistant Attorney General; United States Department of Justice, Tax Division; Washington, D.C.; for Appellant.

Terry A. Dake (argued), Terry A, Dake Ltd, Phoenix, Arizona, for Appellee Lawrence J. Warfield.

Thomas H. Allen, Allen Barnes & Jones PLC, Phoenix, Arizona, for Appellee Sandra J. Tillman.

**OPINION**

CHEN, District Judge:

Sandra J. Tillman (the "Debtor") purchased a house in Prescott, Arizona (the "Prescott Property"). The Internal Revenue Service ("IRS" or "the government") held a secured claim on the Prescott Property arising from a tax penalty lien. Thereafter, Debtor filed a petition for Chapter 7 bankruptcy and claimed a $150,000 homestead exemption in the house under Arizona law. Appellee Trustee Lawrence J. Warfield (the "Trustee") instituted an adversary proceeding to avoid the IRS's tax lien on the exempt property and to preserve the value of the lien for the benefit of the bankruptcy estate. The Bankruptcy Court granted summary judgment to the Trustee and the District Court affirmed. The government appealed.

We are presented with a matter of first impression: may a trustee use 11 U.S.C. §§ 724(a) and 551 to avoid and preserve a tax penalty lien on a debtor's exempt property for the benefit of the bankruptcy estate? We hold that a trustee may not. Therefore, we reverse the decision of the District Court affirming the Bankruptcy Court.

## I. BACKGROUND

### A. LEGAL BACKGROUND

At the outset, we briefly summarize the terminology and statutory provisions of the Bankruptcy Code relevant to this dispute.

First, after a bankruptcy petition is filed, a bankruptcy estate is formed consisting of specified property interests of the debtor. 11 U.S.C. § 541(a).

Second, in some circumstances, a debtor may exempt property from the bankruptcy estate, thereby removing it from the bankruptcy estate. *Mwangi v. Wells Fargo Bank, N.A. (In re Mwangi)*, 764 F.3d 1168, 1175–76 & n.4 (9th Cir. 2014). In such circumstances, the debtor generally retains the exempt property, and the exempt property cannot be used by the bankruptcy estate to satisfy the claims of unsecured creditors. *Owen v. Owen*, 500 U.S. 305, 308 (1991). Section 522 of the Bankruptcy Code enumerates exemptions available to an individual debtor in bankruptcy, but § 522(b)(1) also authorizes state legislatures to "opt out" of the § 522 exemption scheme and provide their own exemption schemes. "If a State opts out, then its debtors are limited to the exemptions provided by state law." *Owen*, 500 U.S. at 308.

As relevant here, Arizona has opted out of the § 522 exemptions and provides its own set of exemptions to Arizona residents. Arizona Revised Statutes ("A.R.S.") § 33-1133(B). Among other things, Arizona provides a homestead exemption that permits a resident to exempt her "interest in real property . . . in which [she] resides," up to $150,000 "in value." *Id.* § 33-1101(A)(1) (2004 version, effective prior to Jan. 1, 2022). Arizona, however, provides that consensual loans, such as mortgages, are not "subject to or affected by" the homestead exemption. A.R.S. § 33-1104(D). Thus, depending on the value of the property, a mortgage can diminish the amount of the homestead exemption available to the homeowners. Notably, the Arizona homestead exemption does *not* provide for any reduction in the exemption amount for tax liens.

Third, the Bankruptcy Code limits a debtor's ability to shield exempted property from liability for certain pre-petition debts. Section § 522(c) provides:

(c) Unless the case is dismissed, **property exempted under this section is not liable during or after the case for any debt of the debtor that arose ... before the commencement of the case, except—**

. . .

(2) a **debt secured by a lien that is**—

(A)(i) not avoided under subsection (f) or (g) of this section or under section 544, 545, 547, 548, 549, or 724(a) of this title; and

(ii) not void under section 506(d) of this title; or

(B) **a tax lien, notice of which is properly filed** . . . .

11 U.S.C. § 522(c) (emphasis added). In short, § 522(c) provides that a debtor remains liable for certain debts secured by liens, such as tax liens, even if the debtor has otherwise exempted property from the reach of unsecured creditors. Of note, an IRS tax lien lies "upon all property and rights to property, whether real or personal, belonging to such person." 26 U.S.C. § 6321.

Fourth, under § 724(a) of the Bankruptcy Code, a trustee may "avoid" a "lien that secures a claim of a kind specified in section 726(a)(4)" for the estate. Section 726 deals generally with distribution of property of the estate, and § 726(a)(4), as relevant here, addresses claims for non-compensatory penalties. 11 U.S.C. § 726(a)(4) (addressing "payment of any allowed claim, whether secured or unsecured, for any fine, penalty, or forfeiture, or for multiple, exemplary, or punitive damages, arising before the

earlier of the order for relief or the appointment of a trustee, to the extent that such fine, penalty, forfeiture, or damages are not compensation for actual pecuniary loss suffered by the holder of such claim").

Fifth, if a trustee avoids a lien using § 724(a), the lien's priority position is automatically "preserved for the benefit of the estate but only with respect to property of the estate." 11 U.S.C. § 551. Thus, generally, once the trustee avoids a lien against property of the estate, he steps into the shoes of the lienholder and can recover that property interest for the estate, thereby increasing the property of the estate available to satisfy claims of unsecured creditors. *Retail Clerks Welfare Trust v. McCarty (In re Van de Kamp's Dutch Bakeries)*, 908 F.2d 517, 519 (9th Cir. 1990).

## B. FACTUAL BACKGROUND

Having described the relevant statutory provisions, we now turn to the facts of this case.

In 2015, Debtor purchased a residence in Prescott, Arizona and granted a mortgage to Bank of America. The Prescott Property became the Debtor's homestead under Arizona law. *See* A.R.S. § 33-1101 (2004 version, effective prior to Jan. 1, 2022). The Debtor owed income tax for 2015 but failed to timely file a return or pay her 2015 taxes. The IRS assessed Debtor's 2015 income tax liability and related penalties and interest. Debtor eventually fully paid the original tax liability but did not fully pay the penalties and interest, which initially totaled over $18,000. On December 24, 2018, the IRS recorded a notice of a federal tax lien (the "IRS Tax Lien") securing the penalties against the Prescott Property.

On January 30, 2019, Debtor filed a Chapter 7 bankruptcy petition in the U.S. Bankruptcy Court for the District of Arizona.  The IRS filed a claim for Debtor's 2015 tax liabilities and indicated its claim was secured by the IRS Tax Lien it had filed.  Debtor claimed a homestead exemption of up to $150,000 on the Prescott Property under A.R.S. § 33-101, which the Bankruptcy Court permitted. that time, the Debtor's mortgage was for $364,381 and the IRS's secured tax lien was for $24,686.26.

## C.  PROCEDURAL BACKGROUND

Thereafter, the Trustee filed the adversary proceeding currently at issue and sought a summary judgment order: (1) avoiding the federal tax lien on the Prescott Property pursuant to 11 U.S.C. § 724(a), and (2) preserving the value of the avoided federal tax lien on the Prescott Property for the benefit of the bankruptcy estate pursuant to 11 U.S.C. § 551.  The government responded that lien avoidance under § 724(a) and preservation under § 551 did not apply to liens encumbering exempt property, such as the Prescott Property, which was subject to Arizona's homestead exemption.  The Debtor also intervened and asserted her right to an increased exemption under § 522(g).

The Bankruptcy Court granted the Trustee's summary judgment motion, holding that the Trustee could avoid the portion of the federal tax lien securing the tax penalties and interest under § 724(a) and that the value of the lien was preserved for the estate's benefit under § 551.

The Bankruptcy Court rejected the government's argument that lien avoidance under § 724(a) and preservation under § 551 for the benefit of the bankruptcy estate did not apply to the Debtor's exempted homestead property.  Specifically, the Bankruptcy Court found that the

IRS held a secured claim for a tax penalty, which is of the kind specified in § 726(a)(4), and was, thus, subject to avoidance by the Trustee under § 724(a).  It observed that the IRS Tax Lien was held against the Prescott Property, which the Debtor claimed exempt under Arizona's homestead exemption—and which the Bankruptcy Court had previously granted—but that the grant of this exemption did not preclude the Trustee from avoiding the lien and preserving it for the benefit of the estate.

The Bankruptcy Court quoted *Heintz v. Carey* (*In re Heintz*) for the proposition that "§ 551 does not exclude exempt property from preservation" and that "[a]n avoided interest or lien encumbering exempt property is automatically preserved for the benefit of the estate under § 551." 198 B.R. 581, 586 (B.A.P. 9th Cir. 1996).  Relying on *Heintz*, the Bankruptcy Court concluded that the Debtor's homestead was property of the bankruptcy estate at the commencement of the case and remained property of the estate for purposes of § 551 even after the Debtor's homestead exemption was allowed.

The Bankruptcy Court further reasoned that, under Arizona law, the Debtor's exemption was limited to an "interest" in her homestead, up to $150,000, equal to the property's value after subtracting both the value of the mortgage lien and the value of the federal tax lien.  The court explained that Arizona's exemption laws explicitly excluded the value of consensual liens, such as her mortgage, from the amount of the Debtor's homestead exemption.  And, as to the federal tax lien, the court observed that Arizona's exemption laws were "ineffective" against the federal tax lien.  The Bankruptcy Court held this ineffectiveness meant the Debtor's homestead exemption did not include "the value of the lien positions occupied by [Bank of America] or the IRS," and it was only the Debtor's equity beyond the

mortgage and tax lien that the Debtor was entitled to exempt. Thus, the Bankruptcy Court concluded that "[a]t all relevant times, the IRS's Tax Lien encumbered property of the estate."

Accordingly, the court explained that "[t]he trustee may avoid the IRS's Tax Lien under § 724(a)," and "[u]pon avoidance of the IRS's Tax Lien, the IRS's Tax Lien is preserved for the benefit of [the] bankruptcy estate under § 551."[1]

In so concluding, the Bankruptcy Court also rejected the government's argument that the court's holding would cause inequitable results for the Debtor, because the Debtor's exemption could be reduced twice as a result of the same lien—first, as a deduction from the amount that Debtor could exempt, and then, again, when the Debtor is required to satisfy the value of the lien to the IRS. The Bankruptcy Court reasoned that the Debtor would not have to unfairly pay twice on the same lien because the IRS Tax Lien "never attached to the Debtor's homestead exemption." "[T]he value of the Debtor's exemption was always subordinate to the Tax Lien" and "[w]hen the Tax Lien is avoided, the Trustee steps into that avoided position." Therefore, the court explained, "[i]f it so happens that the IRS's now unsecured claim is also nondischargeable, it is no different than any other nondischargeable claim which will need to be paid by the Debtor."

The government appealed the Bankruptcy Court's grant of summary judgment to Trustee, and the District Court

---

[1] The Bankruptcy Court also rejected the IRS and Debtor's argument that the avoided lien is preserved for the benefit of *the debtor* under § 522(g) instead of for the benefit of the estate under § 551. This argument is not re-asserted on appeal.

affirmed in full.  The District Court, also relying on *Heintz*, concluded that § 551's "property of the estate" limitation did not prevent the Trustee's avoidance and preservation of the IRS lien, and found that the Debtor was only entitled to use Arizona's homestead exemption to exempt unencumbered property – *i.e.*, the exemption excluded the mortgage and the IRS lien.  The District Court agreed with the Bankruptcy Court that the IRS's tax lien never attached to Debtor's exemption.  This appeal followed.

### D.  INTERVENING DEVELOPMENTS

During the pendency of the appeal from the adversary proceeding, on July 9, 2020, Debtor found a buyer for the Prescott Property and moved for approval to sell.  The Bankruptcy Court permitted the sale of the Prescott Property for $475,000, of which Debtor was ordered to pay $378,062.78 to Bank of America to cover the cost of the mortgage.  The Bankruptcy Court ordered the Trustee, after paying costs and the mortgage, to set aside a portion of the proceeds equal to the total value of the IRS's tax lien, $26,771, pending the outcome of the litigation now before this Court.  The remaining proceeds of the sale after costs, approximately $30,000, were provided to Debtor as the value of her homestead exemption.

## II.  JURISDICTION AND STANDARD OF REVIEW

The government timely appealed the District Court's affirmance of the Bankruptcy Court's grant of summary judgment to the Trustee.  We have jurisdiction over this appeal pursuant to 28 U.S.C. §§ 158(d), 1291.  *See SS Farms, L.P. v. Sharp (In re SK Foods, L.P.)*, 676 F.3d 798, 802 (9th Cir. 2012).

We review *de novo* the district court's decision on appeal from a bankruptcy court. *Decker v. Tramiel (In re JTS Corp.)*, 617 F.3d 1102, 1109 (9th Cir. 2010). "We apply the same standard of review applied by the district court" and "review [the] bankruptcy court decision independently and without deference to the district court's decision." *Id.; see Galam v. Carmel (In re Larry's Apt., L.L.C.)*, 249 F.3d 832, 836 (9th Cir. 2001) (citing *Robertson v. Peters (In re Weisman)*, 5 F.3d 417, 419 (9th Cir. 1993)). As such, "[t]he bankruptcy court's findings of fact are reviewed for clear error, while its conclusions of law are reviewed de novo." *In re JTS Corp.*, 617 F.3d at 1109 (quoting *Leichty v. Neary (In re Strand)*, 375 F.3d 854, 857 (9th Cir. 2004)).

## III.  DISCUSSION

### A.  AVOIDANCE AND PRESERVATION UNDER §§ 724(a), 551

The government argues that the Bankruptcy Court erred in holding that the Trustee could avoid a tax lien for penalties on the Debtor's exempt homestead property under 11 U.S.C. § 724(a) and then use 11 U.S.C. § 551 to take the value of the lien from the Debtor's exemption and preserve it for the benefit of the bankruptcy estate. In the government's view, the Bankruptcy Court erred because the Debtor's homestead exemption withdrew her exempt property from the property of the estate. Therefore, the government contends, the Trustee cannot use § 724(a) and § 551 to avoid and preserve a lien on exempted property, because such property is *not* property of the estate.

#### 1.  Parameters of § 724(a)

The parties do not dispute that the tax penalty lien at issue here is the type of lien contemplated for avoidance by

a trustee under § 724(a).  Under § 724(a), "[t]he trustee may avoid a lien that secures a claim of a kind specified in section 726(a)(4) of this title."    11 U.S.C. § 724(a).    Section 726(a)(4), in turn, specifies "property of the estate shall be distributed . . . in payment of any allowed claim, whether secured or unsecured, for any fine or forfeiture or for multiple, exemplary, or punitive damages, arising before the earlier of the order for relief or the appointment of a trustee . . ." 11 U.S.C. § 726(a)(4).  Under 11 U.S.C. § 551, "[a]ny transfer avoided under section . . . 724(a) of this title . . . is preserved for the benefit of the estate but only with respect to property of the estate."  11 U.S.C. § 551.  The trustee's power under § 551 is thus predicated on its power first to avoid the tax lien under § 724(a).  The key question here is whether the Debtor's exempted property—her homestead exemption under Arizona law—is subject to the Trustee's avoidance of the tax lien under § 724(a) and the ensuing preservation of the tax lien under § 551.  It is not.

Property interests held by the estate evolve over the course of bankruptcy proceedings.  Section 541(a)(1) of the Bankruptcy Code explains that the filing of a bankruptcy case "creates an estate . . . comprised of" the debtor's specified property interests "as of the commencement of the case."  11 U.S.C. § 541(a).  However, the holdings of the estate do not remain static after the commencement of the bankruptcy case.  The term "estate" refers to the property at a particular point in time—such as at the commencement of the case as referred to in § 541(a)(1)—rather than the estate in perpetuity.  *See Owen*, 500 U.S. at 308 ("An estate in bankruptcy consists of all the interests in property, legal and equitable, possessed by the debtor at the time of filing, as well as those interests recovered or recoverable through transfer and lien avoidance provisions.").

Section 541(a) provides that a trustee may increase the property of the estate if the trustee can recover non-debtor interests in property through the various transfer and lien avoidance provisions in the Bankruptcy Code. *See* 11 U.S.C § 541(a)(3)–(7).

Conversely, the property interests of the estate may be reduced during the course of bankruptcy proceedings, such as through a judicially authorized sale of assets, payment of expenses related to the administration of the estate, or payment of a debtor's unexpired lease obligations. *See* 11 U.S.C. § 363(b) (sale of property of the estate); *Tamm v. U.S.T. (In re Hokulani Square, Inc.)*, 776 F.3d 1083, 1085 (9th Cir. 2015) (describing a secured creditor's purchase of estate property via credit bid, such that "the creditors get the property, and the estate's debt is reduced by the amount of the bid"); 11 U.S.C. § 503 (allowance of administrative expenses); 11 U.S.C. § 365 (payment on unexpired leases).

Additionally, the property interests of the estate may be reduced by a judicially authorized exemption. *See* 11 U.S.C. § 522. Although initially "[a]n estate in bankruptcy consists of all the interests in property legal and equitable, possessed by the debtor at the time of filing," "[a]n exemption is an interest *withdrawn* from the estate (and hence from the creditors) for the benefit of the debtor." *Owen*, 500 U.S. at 308 (emphasis added). Likewise, § 522 of the Bankruptcy Code "authorizes a debtor to exempt certain property from the bankruptcy estate so that it may not be reached by the trustee in bankruptcy." *DeMarah v. United States (In re DeMarah)*, 62 F.3d 1248, 1250 (9th Cir. 1995). Indeed, § 522(b)(1) expressly states that "[*n*]*otwithstanding section 541 of this title*"—the statutory provision describing the property interests that comprise the estate at the *commencement* of proceedings—"an individual debtor may exempt from property of the estate the property" listed in the

relevant subsections of § 522.   11 U.S.C. § 522(b)(1) (emphasis added).

We have consistently recognized that authorized exemptions modify the property interests of the estate.  After the commencement of bankruptcy proceedings, property interests which are exempted by a debtor are "withdrawn from the estate," *Gebhart v. Gaughan (In re Gebhart)*, 621 F.3d 1206, 1210 (9th Cir. 2010), (quoting *Owen*, 500 U.S. at 308) and are no longer property of the estate.  *See In re Kahan*, 28 F.3d 79, 81 (9th Cir. 1994) ("The bankruptcy estate includes all of the debtor's interests in property at the commencement of the case, except property that the debtor elects to exempt based on applicable federal or state law.") (citing 11 U.S.C. §§ 541(a), 522(b)(2)).  "The general rule is that exempt property immediately revests in the debtor." *In re Mwangi*, 764 F.3d at 1175.[2]  *See In re Gebhart*, 621 F.3d at 1210 ("This principle is consistent with the text of the Bankruptcy Code, which defines exempt property as property that, unlike all the debtor's other property, does not belong to the bankruptcy estate.") (citing 11 U.S.C. § 522(b)(1)); S. Rep. No. 95-989, at 52 (1978), *as reprinted in* 1978 U.S.C.C.A.N. 5787, 5838 (recognizing that exempt property "ceases to be property of the estate")); *see also Owen*, 500 U.S. at 308 (recognizing that the relationship between a debtor's exempt property and property of the estate may change, such that "[n]o property can be exempted

---

[2] Where an asset itself is exempt, the asset immediately revests in the debtor upon the end of the objection period. *In re Mwangi*, 764 F.3d at1175–76.  When the exemption consists of an interest in an asset, the asset remains in the estate while "only an 'interest' in the property equal to the value of the exemption claimed at filing is removed from the estate." *Id.* at 1174–75 (citation omitted).

(and thereby immunized) . . . unless it *first* falls within the bankruptcy estate") (emphasis added).

Recognizing the dynamic nature of the bankruptcy estate through the pendency of bankruptcy proceedings, we must analyze the text of the avoidance provision at issue here, 11 U.S.C. § 724(a), and interpret it in context to determine whether the Trustee may avoid a tax lien on the Debtor's exempt property. *In re Consol. Freightways Corp. of Delaware*, 564 F.3d 1161, 1165 (9th Cir. 2009) ("[O]ur examination must begin with the words of the provision itself. Of course, that does not mean that we limit ourselves to the provision in perfect isolation. We must, instead, construe that [Bankruptcy Code] provision with the statutory scheme in which it is embedded." (internal citations omitted)).

Examining the statutory text in this context, under § 724(a), "[t]he trustee may avoid a lien that secures a claim of a kind specified in section 726(a)(4) of this title." 11 U.S.C. § 724(a). Section 726(a)(4), in turn, specifies that "*property of the estate* shall be *distributed* . . . in payment of any allowed claim, whether secured or unsecured, for any fine or forfeiture or for multiple, exemplary, or punitive damages, arising before the earlier of the order for relief or the appointment of a trustee . . . ." 11 U.S.C. § 726(a)(4) (emphasis added); *see also id.* § 726 (statutory section is titled "Distribution of property of the estate"). Thus, § 724(a) applies to property that is part of the estate at the time of distribution based on its express reference to § 726(a)(4). *See Einstein/Noah Bagel Corp. v. Smith (In re BCE W., L.P.)*, 319 F.3d 1166, 1171 (9th Cir. 2003) ("Statutory construction of the Bankruptcy Code is 'a holistic endeavor' requiring consideration of the entire statutory scheme.") (quoting *United Sav. Ass'n of Texas v.*

*Timbers of Inwood Forest Assocs., Ltd.*, 484 U.S. 365, 371 (1988)).

The statutory context makes this clear. First, § 724 deals with the "treatment of certain liens" at the point in time that property of the estate is to be *distributed* to creditors. *See, e.g.*, § 724(b) ("Property in which the estate has an interest and is subject to a lien that is not avoidable . . . and secures an allowed claim for a tax, or proceeds of such property, shall be *distributed* . . . ."); § 724(c) ("If more than one holder of a claim is entitled to *distribution . . . distribution* to such holders under such paragraph shall be in the same order as *distribution* to such holders would have been other than under this section.") (emphases added). Hence, § 724(a) operates on the bankruptcy estate not at the commencement of the proceedings but at a later stage—distribution.

Second, § 724(a) only permits lien avoidance of a lien that secures an "allowed claim." 11 U.S.C. § 726(a)(4). By definition, the Bankruptcy Code provides that an allowed claim is one in which sufficient proof has been provided to the bankruptcy court *after* the commencement of proceedings and any objections to the proof of claim have been resolved. *See* 11 U.S.C. § 502(a).

Thus, it is clear from the express language of § 724(a) and its cross-reference to § 726(a)(4), as well as the statutory context provided by §§ 724 and 726, that § 724(a) concerns the trustee's avoidance of qualifying liens attached to the *property of the estate* at the time of *distribution.*

When a debtor properly exempts a property interest under § 522, the exemption withdraws that property interest from the estate and, thus, from the reach of the trustee for distribution to creditors. *See Owen*, 500 U.S. at 308; *In re DeMarah*, 62 F.3d at 1250. Such an exempted property

interest revests with the debtor and no longer belongs to the estate. *In re Gebhart*, 621 F.3d at 1210. Accordingly, because exempt property is not "property of estate" which may be "distributed," we conclude that a trustee may not avoid a lien under § 724(a) (that secures the kind of claim specified in § 726(a)(4)) attached to exempt property which is no longer part of the estate.

## 2. Prior Rulings

This holding is consistent with our prior rulings. We have not previously had the occasion to expressly address whether a trustee may use § 724(a) to avoid a lien which is not secured by property of the estate, such as a lien secured only by a debtor's exempt property. The district court in *DeMarah v. United States*, 188 B.R. 426, 431 (E.D. Cal. 1993), *aff'd*, 62 F.3d 1248 (9th Cir. 1995), concluded (as we do here) that § 724(a) lien avoidance actions are limited to property of the estate, explaining

> The trustee's avoiding powers under Section 724(a) are limited to the types of liens secured by claims specified in Section 726(a)(4). Section 726(a)(4) concerns non-compensatory tax penalty claims. However, § 726(a)(4) does not stand in isolation, it is a part of Section 726 which is concerned only with "property of the estate." 11 U.S.C. § 726(a)(4) allows the trustee to avoid claims for penalties against the property of the estate. The avoiding powers of Debtor, like those of the trustee, are limited to penalty claims against property of the estate.

*Id.* In affirming the district court's holding in *DeMarah*, we neither reached nor cast doubt on the district court's analysis that lien avoidance actions under § 724(a) are limited to liens

on property of the estate.  *See In re DeMarah*, 62 F.3d at 1252.

In *DeMarah*, we addressed whether a *debtor* could assert a trustee's avoidance and preservation authority against a tax lien on the debtor's exempt property for the *debtor's* own benefit.  We affirmed the district court's decision that a debtor could not do so by acknowledging that, *even if* avoidance of a tax lien on exempt property under § 724 in the first instance were permissible, the debtor could not ultimately escape liability for the tax lien on his exempt property because § 522(c)(2)(B) "brings back the whole of any tax lien" on the exempt property.  *In re DeMarah*, 62 F.3d at 1252.  In so noting, we observed that the outcome— that a debtor may not avoid and preserve a tax lien on exempt property for his own benefit—is the same whether the analysis is based on a finding that the policies behind §§ 724 and 726 prevent avoidance of liens on tax penalties attached to exempt property, or whether the analysis is based on the statutory language of § 522(c) preventing a debtor from avoiding a tax lien penalty.  *Id.*  We recognized two district court decisions that interpreted § 724(a) differently, but we did not need to decide which interpretation was correct because both confirmed the relevant holding that a debtor could not escape liability for a tax penalty lien.  *Id.* (*citing In re Carlton*, 19 B.R. 73, 75 (D.N.M. 1982); *In re Gerulis*, 56 B.R. 283, 287 (Bankr. D. Minn. 1985)).

Because a trustee may not *avoid* a tax lien attached to exempt property through § 724(a), it follows that a trustee is not permitted to *preserve* the tax lien for the benefit of the estate under § 551.  Section 551 provides for automatic preservation of certain avoided liens, including liens avoided under § 724(a).  *See In re Van de Kamp's Dutch Bakeries*, 908 F.2d at 519; 11 U.S.C. § 551.  But where there is no

avoidance under § 724(a), there is no avoided lien for the trustee to preserve.[3]

In summary, we conclude that § 724(a) does not permit a trustee to avoid a tax lien secured by exempt property because such securing property is not property of the estate.

---

[3] Having assumed that the Trustee could use § 724(a) to avoid the tax lien on the Debtor's exempt property, the Bankruptcy Court focused on whether the Trustee could then preserve the value of the avoided lien for the benefit of the estate under § 551. The Bankruptcy Court relied on the Bankruptcy Appellate Panel's decision in *In re Heintz*, 198 B.R. 581, 583 (B.A.P. 9th Cir. 1996) addressing "[w]hether an avoided lien is preserved for the benefit of the estate pursuant to § 551 when the avoided lien encumbers exempt property." The BAP construed § 551's language that an avoided lien "is preserved for the benefit of the estate but only with respect to property of the estate" to apply to property of the estate as defined as what was held by the estate *at the commencement of proceedings*. *Id.* at 585–86. The BAP explained that "the fact that property was removed from the estate after a case is commenced, through exemption or some other means, does not change the fact that it was property of the estate as of the commencement of the case." *Id.* at 585. Therefore, the BAP concluded, "[g]iven that all exempt property is property of the estate as of the commencement of the case, we conclude that § 551 does not exclude exempt property from preservation. An avoided interest or lien encumbering exempt property is automatically preserved for the benefit of the estate under § 551." *Id.* at 586.

The government urges us to declare *Heintz* wrongly decided. The government requests a categorical rule that § 551 *never* applies to exempt property. It is unnecessary for us to decide this issue. As we have already explained, the Bankruptcy Court erred in overlooking the predicate question of whether § 724(a) permits avoidance of tax liens attached to exempt property. Because we hold that § 724(a) does not allow the Trustee to avoid a lien on exempt property, there is no avoided lien to which § 551's preservation power could apply. Thus, § 551 does not apply here and we need not construe the provision.

The dissent errs in stating that the majority relies on § 551 and its reference to "with respect to property of the estate" in determining that the tax penalty lien on exempt property is immune from avoidance. Dissent at 30. Our holding only addresses the predicate question of the application of § 724(a), not the scope of § 551.

Accordingly, because a trustee may not use § 724(a) to avoid the lien, the trustee does not trigger operation of § 551's automatic preservation authority.

In reaching our holding, we conclude that the Bankruptcy Court erred by overlooking the key question of first impression before us: whether a trustee may use § 724(a) to avoid a lien secured by a debtor's exempt property. The Bankruptcy Court did not analyze this question. Instead, the Bankruptcy Court appears to have assumed that the Trustee could use § 724(a) to avoid a lien on the Debtor's exempt property.[4]

Specifically, the Bankruptcy Court noted that in *In re Bolden*, 327 B.R. 657, 665 (Bankr. C. D. Cal. 2005), the "bankruptcy court refused to order the abandonment of debtor's exempt homestead where IRS penalty tax liens could be avoided for the benefit of the bankruptcy estate." But in *Bolden* the government did not dispute that the trustee could avoid a tax penalty lien on exempt property under § 724(a). Indeed, *Bolden* noted that "[i]n this case, the

---

[4] The Bankruptcy Court suggested that the IRS tax lien never attached to Debtor's exempt property because the IRS tax lien was simply deducted from the value that Debtor could exempt under Arizona law. This analysis was incorrect for two reasons. First, it fails to properly apply binding *federal* law making clear that an IRS tax lien attaches to all of a debtor's property interests, with no carve-out for exempt property, and that an exemption authorized under the Bankruptcy Code remains liable for tax penalty liens. *See* 26 U.S.C. § 6321; 11 U.S.C. § 522(c)(2)(B); *In re DeMarah,* 62 F.3d at 1251. Second, the Bankruptcy Court misapplied *state* law, as Arizona's homestead exemption statute does not deduct the value of tax liens from the amount that a debtor may exempt. *See* A.R.S. § 33-1101(A)(1). Indeed, the Arizona statute *does* state that a "consensual lien, including a mortgage," "shall not be subject to" the homestead exemption, but makes no such statement as to tax liens. *Id.* § 33-1104(D). Thus, the Bankruptcy Court's suggestion that the IRS tax lien never attached to the Debtor's exempt property is incorrect.

trustee . . . is seeking, *with the cooperation of the IRS*, to avoid the penalty portion of the IRS tax liens in order to benefit unsecured creditors of the estate." 327 B.R. 663 n.5 (emphasis added). There is no indication in the *Bolden* decision that any party challenged the propriety of the trustee's avoidance of tax penalties on exempt property; the bankruptcy court in *Bolden* was not presented with and, therefore, did not address this question.

Similarly, the Bankruptcy Court cited approvingly to *In re Gill*, 574 B.R. 709 (9th Cir. BAP 2017) for the BAP's rejection of a debtor's request for an order requiring the estate to abandon the debtor's homestead exemption and determination that the trustee could avoid an IRS tax lien under § 724(a) and create value for the estate by preserving the value of the tax lien through § 551 for the benefit of the estate. But, again, in *Gill* there was no dispute as to the propriety of the trustee's authority to avoid a lien under § 724(a) on exempt property, as there was evidence that the IRS consented to the avoidance, and there is no indication that the debtor challenged the avoidance. *See* 574 B.R. at 717. Thus, because the courts in *Bolden* and *Gill* were not presented with and did not decide the question of whether § 724(a) applies to a debtor's exempt property, the Bankruptcy Court's reliance on those decisions was misplaced.

Our analysis and holding here are consistent with our recent decision in *Hutchinson v. IRS (In re Hutchinson)*, 15 F.4th 1229 (9th Cir. 2021). In *Hutchinson*, the government and the trustee of the estate entered into a stipulated judgment in which the trustee "and the Government agreed that the 'penalty portions' of certain of 'the IRS's liens' against Plaintiffs' [] residence 'are avoided pursuant to 11 U.S.C. § 724(a).'" *Id.* at 1232. The debtors asserted an entitlement to a homestead exemption of up to $100,000 in

the residence under California law. *Id.* The debtors did not contest the agreement between the government and the trustee to avoid the IRS's tax penalty lien against the debtor's property, including the exempt property under § 724(a). Rather than contest the legality of the agreement as applied to the exempt property, the debtors sought to take advantage of the § 724(a) avoidance agreement between the government and trustee by seeking to preserve the avoided lien for the benefit of the *debtors*. *Id.* ("Plaintiffs alleged that, to the extent the liens were avoided, they should be preserved 'for the benefit of the Plaintiffs.'"). The debtors argued that they should be able to parlay the government and trustee's § 724(a) avoidance agreement into assets for themselves by using § 522(i)(2), which allows a debtor to preserve a lien avoided by a trustee under § 724(a) "for the benefit of the *debtor* to the extent that the debtor may exempt such property" under the relevant subsection. *See id.* at 1234 (citing 11 U.S.C. § 522(i)(2)) (emphasis added). The debtors contended that because the government and trustee's § 724(a) avoidance agreement concerned debtors' exempt homestead property interest, the debtors had satisfied the requirements of § 522(i)(2) and were entitled to preserve the avoided lien for the benefit of the debtors. *Id.*

We rejected the debtors' attempt to *preserve* the value of the tax lien for their own benefit, applying our holding in *DeMarah* that § 522(c)(2)(B) "makes quite clear . . . that debtors cannot use exemption authority to escape tax liens." *Id.* at 1235. We further observed that "§ 522(c)(2)(B) would operate, vis-à-vis a debtor, to preserve 'tax lien[s]' against otherwise exempt property *regardless* of whether the trustee had avoided them." *Id.* (emphasis and alteration in the original). Considering the clear and unambiguous language of § 522(c)(2)(B), we explained that "it would be completely contradictory to then construe § 522(i)(2) (or § 522(g), for that matter) as allowing a debtor, after a *trustee* has avoided

the tax lien, to then preserve the avoided lien 'for the benefit of the *debtor*' by claiming an exemption under § 522(g). *Id.* (emphases in original). "Such a result—having the trustee avoid the lien only to turn over the benefits to the debtor, whose exempt property would then be free of the lien—would create precisely the kind of end-run around § 522(c)(2)(B) that we rejected in *DeMarah*." *Id.* at 1236. We, therefore, rejected the debtors' theory that §§ 522(i)(2) or 522(g) could be used by the debtors to transform a tax lien for which they were responsible into an asset which they could protect for their own benefit. *Id.* ("The only way to read these provisions sensibly together is to conclude that, with respect to a tax lien covered by § 522(c)(2)(B), a debtor may not invoke § 522(i)(2) in order to override § 551's otherwise applicable rule that, after the trustee avoids a lien under § 724(a), the lien 'is preserved for the benefit of the estate.'") (citation omitted).

We do not disturb *Hutchinson*'s careful reasoning and construction of § 522(i)(2). In *Hutchinson*, we accepted the government and the trustee's stipulated agreement that the trustee could avoid the tax lien on debtor's property under § 724(a), including the portion of the property which was exempted under California law. No party objected to the stipulated agreement and no argument was presented to us as to whether the trustee could avoid a lien on debtor's exempt property under § 724(a). Indeed, the debtors accepted the premise that § 724(a) could be used by the trustee to avoid a lien on debtors' exempt property and attempted to transform that premise into an argument that the *debtors* could preserve the avoided lien for the debtors' benefit. The parties did not present us with the question of whether § 724(a) could be used to avoid a lien on exempt property.

Thus, in *Hutchinson* we were not called upon to resolve any dispute as to the applicability of § 724(a) to the property at issue, and, abiding by the party presentation principle, we had no occasion nor any need to address the question. *See United States v. Sineneng-Smith*, 140 S. Ct. 1575, 1579 (2020) ("As a general rule, our system is designed around the premise that parties represented by competent counsel know what is best for them, and are responsible for advancing the facts and argument entitling them to relief.") (cleaned up). Accordingly, nothing in our decision here conflicts with our analysis or holding in *Hutchinson*.[5] Indeed, *Hutchinson*'s holding that "a debtor may not invoke § 522(i)(2) in order to override § 551's otherwise applicable rule that, after the trustee avoids a lien under § 724(a), the lien 'is preserved for the benefit of the estate,'" 15 F.4th at 1236, applies with full force.

## B. APPLICATION

We conclude that the Trustee may not use § 724(a) to avoid the $26,771 IRS tax penalty lien on the Debtor's exempt interest in the Prescott Property and, accordingly, cannot preserve the value of the tax penalty lien for the benefit of the estate through § 551. Once the Bankruptcy Court allowed the Debtor's homestead exemption under Arizona law, the Debtor withdrew her exempted property interest from the property of the estate. Therefore, the Debtor's exempt homestead interest in the Prescott Property

---

[5] In *Hutchinson*, having accepted the undisputed fact that the trustee and government entered an uncontested stipulated judgment through which the trustee avoided the tax penalty liens on the property at issue under § 724(a), we referenced *Heintz* for the notion that § 551 operated to preserve those liens avoided by stipulation for the benefit of the estate. 15 F.4th at 1234. As noted previously, we do not address *Heintz*'s interpretation of § 551 here.

is no longer property of the estate and, therefore, is not property to which § 724(a) applies.

Accordingly, the Debtor is entitled to exempt up to the full $150,000 value of the homestead exemption interest permitted under the applicable version of Arizona's exemption law, A.R.S. § 33-1101(A)(1) (2004 version, effective prior to Jan. 1, 2022), after accounting for the Debtor's responsibility for her consensual loan, the Bank of America mortgage, *id.* § 33-1104(D).  The value of the Debtor's homestead exemption is *not* subject to a deduction of the IRS tax penalty lien.  However, as compelled by our holding in *DeMarah*, the Debtor takes her exempt interest in the Prescott Property subject to the IRS tax penalty lien.  *See* 62 F.3d at 1252 ("We hold that Congress has denied debtors the right to remove tax liens from their otherwise exempt property.  *See* 11 U.S.C. § 522(c)(2)(B).  Moreover, we hold that even the penalty portion of the tax lien remains fixed on that property.  We see nothing capricious or absurd about that.  It simply adds to the taxpayer's incentive to render unto the government that which is its due.").

Moreover, the Bankruptcy Court's holding that permits the Trustee to avoid the IRS's tax lien on the exempt property and to apply the value of the lien for the benefit of the bankruptcy estate, while the exempt homestead of the Debtor remains encumbered by the tax lien, creates a troubling result: the Debtor is burdened twice by the same debt, resulting in a double penalty.  The first penalty flows from the Bankruptcy Court's holding that the Trustee's avoidance and preservation of the tax lien on the Debtor's exempt property reduced the value of the exemption by the amount of the tax lien.  The second penalty flows from the operation of 11 U.S.C. § 522(c)(2)(B) and our binding precedent that a tax lien remains attached to property which is exempted.  *See In re DeMarah*, 62 F.3d at 1251 ("[I]t is

pellucid that property exempted from the estate remains subject to tax liens."). In effect, the Debtor is required to pay twice on the same tax lien: first, in the reduction of value in her homestead exemption by the value of the lien (here amounting to $26,771), and then, a second time, when she is required to pay off the lien that survives and remains attached to her already reduced exempt property (for another $26,771).[6] That makes her worse off, with regard to the tax lien debt, than she was before she filed the bankruptcy petition.

This result cannot be what is intended by the Bankruptcy Code, which is aimed at giving the debtor a "fresh start," subject to the decision of Congress to maintain a debtor's responsibility for a tax lien. *See In re DeMarah*, 62 F.3d at 1252 ("11 U.S.C. § 522 allows debtors to exempt stated property from the bankrupt estate so that they may have a fresh start. It also provides for the survival of tax liens on that property. 11 U.S.C. § 522(c)(2)(B). In defining fresh start, Congress took cognizance of the fact that tax liens would survive.") (quoting *In re Isom*, 901 F.2d 744, 746 (9th Cir. 1990))).

That fresh start would hardly be served by doubling the burden of the previously existing tax lien on the debtor. We are not aware of any policy rationale articulated by

---

[6] The Bankruptcy Court purported to resolve this double penalty by concluding the "tax lien position against the [Prescott] Property never attached to the Debtor's homestead exemption," such that "[w]hen the lien is avoided, the Trustee steps into that avoided position." The Bankruptcy Court held that the Trustee's avoidance and preservation of the tax lien extinguished the tax lien. This conclusion, however, conflicts with § 522(c)(2)(B) and our binding authority holding that a tax lien remains attached to exempt property. *See In re DeMarah*, 62 F.3d at 1251. Therefore, the Bankruptcy Court did not resolve the double penalty. *See infra* § III(A)(2).

Congress, nor endorsed in any of our previous decisions, that supports the view that a debtor should pay *twice* on a tax penalty lien. Our holding provides that the Debtor will be subject to the IRS tax lien once—as a surviving lien on her homestead exemption. It thus vindicates the debtor's homestead exemption under Arizona law, which reduces the value available to exempt by the value of a mortgage, but not by the value of an IRS tax lien. *See* A.R.S. §§ 33-1101(A)(1), 33-1104(D).

It seems highly unlikely to us that our dissenting colleague's bankruptcy professor would countenance an interpretation of bankruptcy law that imposed a double penalty on the debtor. *See* Dissent at 27. That the dissent's interpretation of the statute produces such a perverse result provides powerful reason to reject that interpretation.

At the same time, our holding does not disturb the application of § 724(a) to *non-exempt* property of the estate and is consistent with our recognition that "'Congress could logically have wanted to allow tax penalties to be avoided if that would benefit unsecured creditors,' while 'eschew[ing] benefiting debtors who incurred those penalties by failing to pay their taxes.'" *In re Hutchinson*, 15 F.4th at 1233 (quoting *In re DeMarah*, 62 F.3d at 1252). Indeed, we do not quibble with the dissent's assertion that "the asset remains estate property" when a statute "does not allow the debtor to exempt the entire property interest, but instead permits exemption of an interest in the property up to a particular dollar amount." Dissent at 33 (citing *In re Mwangi*, 764 F.3d at 1172–73). But while the trustee may certainly avoid the tax lien on non-exempt property that remains in the estate, the circumstances of this case— specifically, the fact that the mortgage on the Prescott Property renders any lien on the estate's portion of the

property valueless—demarcate our holding to only the application of § 724(a) to exempt property.

## IV. CONCLUSION

The Trustee may not use 11 U.S.C. § 724(a) to avoid the $26,771 IRS tax penalty lien on the Debtor's exempt interest in the Prescott Property and, therefore, cannot preserve the value of the tax penalty lien for the benefit of the estate through § 551. Accordingly, the Debtor is entitled to exempt up to the full value of the homestead exemption interest permitted under the applicable version of Arizona's exemption law, after accounting for the Debtor's responsibility for her mortgage. A.R.S. §§ 33-1101(A)(1), 33-1104(D). The value of the Debtor's homestead exemption is not subject to a deduction of the IRS tax penalty lien. However, the Debtor takes her exempt interest in the Prescott Property subject to the IRS tax penalty lien.

**REVERSED and REMANDED** to the District Court with instructions for further proceedings consistent with this order.

BUMATAY, Circuit Judge, dissenting:

As my bankruptcy professor once said, a bankruptcy case is like dividing a pie. *See* Elizabeth Warren, *Bankruptcy Policy*, 54 U. Chi. L. Rev. 775, 785 (1987). The pie owner promises different slices of the pie to others—sometimes in exchange for other items, sometimes as a payment for other debts. And sometimes, the pie owner overpromises—leaving not enough pie to go around. All those promised pie must then get in line and try to claim their piece. In bankruptcy, a trustee steps in and distributes the slices in the order of priority set by law and approved by a bankruptcy judge.

The Bankruptcy Code also grants a trustee a special authority. It allows the trustee to "avoid" a federal tax penalty lien and "preserve" the lien for the benefit of the bankruptcy estate. *See* 11 U.S.C. §§ 724(a), 726, 551. That means, in divvying up the pie, the trustee may save the piece belonging to the IRS for a debtor's failure to pay taxes and hold it for others in line. This increases the amount of pie for distribution to others.

In this case, the IRS challenges the trustee's express avoidance authority. The IRS contends that a trustee can't avoid a federal tax lien on "exempt" property. Exempt property is generally the piece of the pie that a debtor gets to keep throughout the bankruptcy. But the Bankruptcy Code creates no exception to the trustee's avoidance power for liens on exempt property. So we should have affirmed the trustee's avoidance of the IRS tax penalty lien here.

In invalidating the trustee's avoidance authority, the majority is more concerned with the Bankruptcy Code's "troubling result" than its text. Maj. Op. at 24. It lets concerns over the consequences of avoidance override the

statutory text and it nullifies the trustee's avoidance power to prevent these consequences. But because our duty is to follow the text of the Bankruptcy Code no matter how the pie gets sliced, I respectfully dissent.

## I.

"The plain text of the Bankruptcy Code begins and ends our analysis." *Puerto Rico v. Franklin Cal. Tax-Free Tr.*, 579 U.S. 115, 125 (2016). The Bankruptcy Code is straightforward; by its ordinary meaning, a trustee may avoid an IRS tax penalty lien and preserve it for the benefit of the bankruptcy estate. *See* 11 U.S.C. §§ 724(a), 726, 551. Our precedent confirms that. *See Hutchinson v. United States* (*In re Hutchinson*), 15 F.4th 1229, 1234 (9th Cir. 2021). And nothing in the Code sets aside the trustee's avoidance authority just because the tax penalty lien attaches to exempt property.

## A.

Under the Bankruptcy Code, a trustee may avoid a federal tax penalty lien in distributing the property of the estate. Section 724 of the Code provides that "[t]he trustee may avoid a lien that secures a claim of a kind specified in section 726(a)(4) of this title." 11 U.S.C. § 724. In this context, "avoid[ance]" means that the trustee may take the slice of pie reserved for a specific lienholder and distribute it to others in line. *See Retail Clerks Welfare Tr. v. McCarty* (*In re Van de Kamp's Dutch Bakeries*), 908 F.2d 517, 519 (9th Cir. 1990) (explaining the "well-established principle that a trustee who avoids an interest succeeds to the priority that interest enjoyed over competing interests"). Avoidance increases the property of the estate available to satisfy claims of unsecured creditors. *See id.* In other words, instead of a lienholder being at the front of the line, the holder must wait

for a share like everyone else, which increases the amount of pie for others.

The Code then specifies the types of claims a trustee may avoid. The trustee's avoidance power applies to:

> [A]ny allowed claim, whether secured or unsecured, for any fine, penalty, or forfeiture, or for multiple, exemplary, or punitive damages, arising before the earlier of the order for relief or the appointment of a trustee, to the extent that such fine, penalty, forfeiture, or damages are not compensation for actual pecuniary loss suffered by the holder of such claim[.]

11 U.S.C. § 726(a)(4). In short, a trustee has the authority to avoid any claim for non-compensatory penalties, including a federal tax penalty lien. *See Hutchinson*, 15 F.4th at 1232 (By stipulation, "the Government agreed that the 'penalty portions' of certain of 'the IRS's liens' against . . . [the] residence 'are avoided pursuant to 11 U.S.C. § 724(a).'"); *Gill v. Kirresh* (*In re Gill*), 574 B.R. 709, 716 (9th Cir. BAP 2017) ("Taken together, §§ 724(a) and 726(a)(4) allow a chapter 7 trustee . . . to avoid a lien to the extent the lien secures the claim for a penalty, including a tax penalty.").

Next, when a trustee avoids a transfer, the transfer is automatically preserved for the benefit of the estate. That's because under § 551 of the Code "[a]ny transfer avoided under section . . . 724(a) . . . is preserved for the benefit of the estate but only with respect to property of the estate." 11 U.S.C. § 551. So when a trustee avoids the penalty portions of the tax liens under § 724(a), "it follows that, under the plain language of § 551, those liens are preserved for the benefit of the estate." *Hutchinson*, 15 F.4th at 1234. Doing so expands the pie available for unsecured creditors. As

we've said, "Congress created avoidances of noncompensatory penalties to protect unsecured creditors from the debtor's wrongdoing." *DeMarah v. United States* (*In re DeMarah*), 62 F.3d 1248, 1252 (9th Cir. 1995) (simplified). Avoiding the tax penalty and preserving it for the estate "benefit[s] unsecured creditors" by allowing the amount on the penalty to go to them instead of the IRS. *Id.*

So as a straightforward matter of text and precedent, the answer here is simple: a trustee may avoid a federal tax lien and preserve it for the benefit of the estate. We've already endorsed this view in *Hutchinson*, where we clearly stated: "a trustee is 'expressly authorized . . . to avoid, subordinate and preserve the penalty portion of the IRS's tax lien for the benefit of the estate's unsecured creditors.'" *Id.* at 1233 (quoting *Gill*, 574 B.R. at 716).

Here, the bankruptcy court and the district court both concluded that the trustee was permitted to avoid the IRS penalty lien on Sandra Tillman's house and preserve its value for Tillman's bankruptcy estate. Based on the above authorities, we should have easily affirmed here. And as discussed below, it makes no difference that a portion of the value of Tillman's house was exempt property.

**B.**

Contrary to the IRS and majority's view, the trustee's authority to avoid a federal tax penalty lien isn't nullified because it encumbers exempt property. The majority incorporates § 726's reference to the distribution of the "property of the estate" to bar a trustee's avoidance authority. The IRS instead relies on § 551's limitation of preservation of liens "only with respect to property of the estate." In both cases, they insist that "exempt property" isn't "property of the estate" and so a trustee can't avoid a

lien on exempt property. In the majority's view, estate property "evolve[s] over the course of bankruptcy proceedings" and a lien on exempt property somehow disappears from such property. Maj. Op. 10. No matter the supposed statutory basis for curbing a trustee's avoidance power, because a tax penalty lien on exempt property is undoubtedly "property of the estate," the IRS and majority's view is incorrect.

To understand why the majority's "evolution" idea is mistaken, some background in bankruptcy is necessary. The Supreme Court has helpfully summarized where exempt property falls into the bankruptcy scheme:

> Chapter 7 of the Bankruptcy Code gives an insolvent debtor the opportunity to discharge his debts by liquidating his assets to pay his creditors. 11 U.S.C. §§ 704(a)(1), 726, 727. The filing of a bankruptcy petition under Chapter 7 creates a bankruptcy "estate" generally comprising all of the debtor's property. § 541(a)(1). The estate is placed under the control of a trustee, who is responsible for managing liquidation of the estate's assets and distribution of the proceeds. § 704(a)(1). The Code authorizes the debtor to "exempt," however, certain kinds of property from the estate, enabling him to retain those assets post-bankruptcy. § 522(b)(1). Except in particular situations specified in the Code, exempt property "is not liable" for the payment of "any [prepetition] debt" or "any administrative expense." § 522(c), (k).

*Law v. Siegel*, 571 U.S. 415, 417–18 (2014). In other words, with some statutory exceptions, exempt property is "immunized against liability for prebankruptcy debts." *Owen v. Owen*, 500 U.S. 305, 308 (1991). Thus, the Court

only describes exempt property as protected from prepetition debts, but not wholly removed from the bankruptcy estate.

The Code specifies what property is exempted and even allows States to set their own criteria for exemptions. 11 U.S.C. § 522(b)(3)(A), (d). Many States have set a "homestead exemption" that is more generous than under federal law. *Law*, 571 U.S. at 418. At the time of this case, Arizona permitted a person to keep "interest in real property . . . in which the person resides," up to $150,000 in value, subject to any "recorded consensual lien," such as a mortgage. Ariz. Rev. Stat. §§ 33-1101(A)(1), 33-1105(D) (2004). Thus, up to $150,000 in equity from an Arizona home is generally immune from prepetition debts.

The question then is whether a tax penalty lien on exempt property constitutes "property of the estate." The answer is easily yes. The Code defines "property of the estate," in relevant part, as consisting of "all legal or equitable interests of the debtor in property *as of the commencement of the case*." 11 U.S.C. § 541(a)(1) (emphasis added). Defining the property of the estate in this way creates a "sharp cleavage between the prepetition and postpetition worlds with regard to estate property." Charles Jordan Tabb, Law of Bankruptcy 404 (5th ed. 2020). The Code "takes a snapshot of the debtor's assets at the moment of filing, bringing all of those assets into the estate," and then "settles the debtor's financial affairs, assets and liabilities alike, as of th[at] time." *Id.*

Under the straightforward language of § 541(a)(1), "property of the estate" includes all property at the filing of the bankruptcy petition, including what's later claimed exempt. As the Court has clearly stated, "[a]n estate in bankruptcy consists of all the interest in property, legal and equitable, possessed by the debtor *at the time of filing*, as

well as those interests recovered or recoverable through transfer and lien avoidance provisions." *Owen*, 500 U.S. at 308 (emphasis added). So exempt property and its encumbrances must be "property of the estate"; after all, "[n]o property can be exempted (and thereby immunized) . . . unless it first falls *within* the bankruptcy estate." *Id.* at 308 (simplified). Thus, it is well-settled that "[a]ll of the debtor's property[] as . . . defined in section 541 of the Bankruptcy Code, as of the commencement of a case . . . , including property which may be claimed as exempt, becomes property of the estate." 4 Collier Bankruptcy Practice Guide ¶ 74.02[1] (1st ed. 2022).

It is a misconception to think that a lien on exempt homestead property is immediately removed from the bankruptcy estate. Rather,

> [I]f the statute permitting the debtor to claim a particular exemption does not allow the debtor to exempt the entire property interest, but instead permits exemption of an interest in the property up to a particular dollar amount, . . . . [then] the asset remains estate property, and the estate does not relinquish the property until it is administered in the bankruptcy, the trustee abandons the property, or the bankruptcy case is closed.

*Mwangi v. Wells Fargo, N.A.* (*In re Mwangi*), 764 F.3d 1168, 1172–73 (9th Cir. 2014) (simplified). This case provides a good example of why this so. The IRS tax penalty lien is on *all of* Tillman's house. In contrast, Arizona law only allows Tillman to exempt a *portion* of the value of the house. Thus, in no way does the homestead exemption remove the entirety of Tillman's house or its lien from the bankruptcy estate. The lien on the house always remains part of the bankruptcy estate even if a specific dollar amount

of the house's value is protected from pre-petition debts. So there's no reason to treat the lien on the exempt property as removed from the bankruptcy estate for § 551 purposes.

This too makes intuitive sense with the pie analogy. Exempt property generally means that a debtor gets to keep a small piece of the pie even after the pie is divvied up among the creditors—no matter what. The pie is "set" at the time of the bankruptcy filing. And when a slice of the pie is saved for the debtor, that piece remains *within* the pie until distribution. Contrary to the majority's view then, the size of the pie does not "evolve" during the bankruptcy proceedings based on exempt property. *See* Maj. Op. 10. Rather, exempt property only tells us what assets a debtor may "retain . . . post-bankruptcy," *Law*, 571 U.S. at 417, or which slice of pie is left for the debtor at the end of bankruptcy proceedings.

Moreover, even under the majority's "evolving" bankruptcy estate thesis, the majority doesn't explain why a lien on both *exempt* and *non-exempt* property, like the tax lien on Tillman's residence, falls out of the bankruptcy estate. If any part of Tillman's house remains non-exempt estate property, then any lien on the house necessarily remains estate property. So, under any theory of bankruptcy law, the IRS tax lien here is property of the estate.

Thus, a trustee retains authority to avoid and preserve a tax penalty lien, even when it attaches to exempt property. As we've recently acknowledged, "regardless of whether the debtor claims an exemption, any interest of the debtor in property at the commencement of the bankruptcy case is 'property of the estate' as that phrase is used in § 551." *Hutchinson*, 15 F.4th at 1234 (referencing the holding of *Heintz v. Carey* (*In re Heintz*), 198 B.R. 581, 585–86 (9th Cir. BAP 1996)).

Indeed, it is hard to square the majority's holding with *Hutchinson*. *Hutchinson* assumed—over and over—the trustee's authority to avoid and preserve a tax penalty lien on exempt property. While explaining why a *debtor* could not avoid a properly filed tax penalty lien, *Hutchinson* repeatedly contrasted the case with the *trustee*'s ability to avoid the lien under § 724(a). *See, e.g.*, *Hutchinson*, 15 F.4th at 1233 ("We acknowledged in *DeMarah* that this reading of the code could lead to a disparity in which *trustees* might be able to avoid such liens under § 724(a), while debtors cannot.") (simplified); *id.* at 1234 ("Under our binding decision in *DeMarah*, Plaintiffs cannot invoke § 522(h) to avoid a properly filed tax lien, *even if that lien would be avoidable by the trustee under § 724(a).*") (emphasis added). Even though the trustee's avoidance power wasn't the precise issue in *Hutchinson*, "[w]ell-reasoned dicta is the law of the circuit." *Li v. Holder*, 738 F.3d 1160, 1164 n.2 (9th Cir. 2013) (simplified).

The majority justifies the departure from precedent and statutory text based on the fear of a so-called "double penalty." *See* Maj. Op. 23–26. The majority contends that allowing the trustee to avoid the penalty lien here would lead to the "troubling result" of penalizing Tillman twice. *Id.* at 24. That's because the bankruptcy judge reduced her homestead exemption by the amount of the lien even though the IRS may still seek the value of the lien from her after bankruptcy.[7] But even if the trustee's tax penalty avoidance

---

[7] The Code appears to permit a tax lien on a debtor's exempt property to remain post-bankruptcy, which means that IRS may still collect on the penalty. *See* 11 U.S.C. § 522(c)(2)(B). But I take no position on whether the bankruptcy court was correct to deduct the amount of the tax penalty lien from Tillman's homestead exemption. That question is immaterial to the question before us, which is whether the trustee is permitted to avoid the tax lien in the first place.

here creates a "double penalty," we cannot circumvent the plain text of the Bankruptcy Code or our precedent to avoid those concerns. This is an issue for Congress—not for us—to resolve.

## II.

Because the Code and our caselaw require affirming here, I respectfully dissent.